# ORIGINAL

FILED
HARRISBURG

JUL 1 0 2001

MARY E. D'ANDREA, CLER
Per _____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CINDY L. RIGG, | : | |
| Plaintiff | : | CIVIL ACTION NO.: 4:CV-01-0967 |
| | : | |
| vs. | : | JUDGE McCLURE |
| | : | |
| COUNTY OF DAUPHIN, | : | |
| DAUPHIN COUNTY SHERIFF'S | : | |
| DEPARTMENT and | : | JURY TRIAL DEMANDED |
| RALPH McALLISTER, | : | |
| Defendants | : | |

## DEFENDANTS, COUNTY OF DAUPHIN AND DAUPHIN COUNTY SHERIFF'S DEPARTMENT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6), FEDERAL RULES OF CIVIL PROCEDURE AND, IN THE ALTERNATIVE, A MOTION FOR A MORE SPECIFIC COMPLAINT PURSUANT TO RULE 12(e), FEDERAL RULES OF CIVIL PROCEDURE

AND NOW, come Defendants, County of Dauphin and Dauphin County Sheriff's Department, by and through their attorneys, Lavery, Faherty, Young & Patterson, P.C., and file this Motion to Dismiss Plaintiff's

Complaint pursuant to Rule 12(b)(6) and, in the alternative, a Motion for a More Specific Complaint Pursuant to Rule 12(e), Federal Rules of Civil Procedure and in support thereof, aver as follows:

1.     Plaintiff, Cindy L. Rigg, initiated this civil action by filing a Complaint on May 31, 2001 against Defendants, County of Dauphin and Dauphin County Sheriff's Department (hereinafter "Moving Defendants") and Ralph McAllister.

2.     Plaintiff's Complaint contains three counts and purports to assert claims for violation of Plaintiff's civil rights/sexual harassment and discrimination against the County of Dauphin (Count I); claims pursuant to 42 U.S.C. § 1983 for an alleged violation of Plaintiff's Fourth and Fourteenth Amendment rights against Defendant, Ralph McAllister (Count II); and a claim pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's Fourth and Fourteenth Amendment rights against the Dauphin County Sheriff's Department (Count III).

3.     On May 31, 2001, Plaintiff's Complaint was served upon Moving Defendant, County of Dauphin.

4.    This Honorable Court then granted Defendant's Motion for an Extension of Time to respond to Plaintiff's Complaint.

5.    Count I of Plaintiff's Complaint fails to allege any claims and/or causes of action for civil rights violations, sexual harassment and/or discrimination against Moving Defendant, County of Dauphin, upon which relief can be granted.

6.    The purported claims and/or causes of action set forth in Count I of Plaintiff's Complaint against Moving Defendant, County of Dauphin, may be barred and/or limited by application of the applicable statute of limitations and/or failure to exhaust available administrative remedies.  However, Plaintiff has failed to identify the statutory basis for these purported claims.

7.    In the alternative, in the event that Moving Defendant, County of Dauphin's Motion to Dismiss Count I of the Complaint is overruled, then Plaintiff must file a more definite statement pursuant to Rule 12(e), Federal Rules of Civil Procedure, since Count I does not identify the civil rights statute under which Plaintiff is seeking relief.

8.    Plaintiff's claim of a hostile work environment against Moving Defendant, County of Dauphin, fails as a matter of law.

9.    Count III of Plaintiff's Complaint fails to allege any viable claim and/or cause of action under 42 U.S.C. § 1983 for violation of Plaintiff's Fourth Amendment rights against Defendant, Dauphin County Sheriff's Department, upon which relief can be granted.

10.    Count III of Plaintiff's Complaint fails to allege any viable claim or cause of action under 42 U.S.C. § 1983 for violation of Plaintiff's Fourteenth Amendment rights upon which relief can be granted.

11.    Plaintiff's Complaint for punitive damages against Moving Defendant, Dauphin County Sheriff's Department in Count III of the Complaint fails as a matter of law.

WHEREFORE, Defendants, County of Dauphin and Dauphin County Sheriff's Department, respectfully request that this Honorable Court grant their Motion to Dismiss Plaintiff's Complaint against them with prejudice and enter judgment in their favor along with the allowable costs of this action.  In the alternative, in the event that Moving Defendants' dispositive motion is overruled, then Plaintiff must file a more definite statement

4

identifying the statutory basis of the claim against Moving Defendant, County of Dauphin.

Respectfully submitted,

LAVERY, FAHERTY, YOUNG & PATTERSON, P.C.

Date:_____    By:_____

Frank J. Lavery, Jr., Esquire
Attorney I.D. 42370
P. O. Box 1245
Harrisburg, PA  17108-1245
(717) 233-6633
Attorney for Defendants,
County of Dauphin and Dauphin
County Sheriff's Department

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CINDY L. RIGG,                          :
           Plaintiff          : CIVIL ACTION NO.: 4:CV-01-0967
                   :
    vs.                                 : JUDGE McCLURE
                   :
COUNTY OF DAUPHIN,                       :
DAUPHIN COUNTY SHERIFF'S :
DEPARTMENT and                          : JURY TRIAL DEMANDED
RALPH McALLISTER,                        :
           Defendants         :

## CERTIFICATE OF NONCONCURRENCE

I, Frank J. Lavery, Jr., Esquire, counsel for Defendants, County of Dauphin and Dauphin County Sheriff's Department, do hereby certify that on July 10, 2001, I attempted to contact, by telephone, Spero Lappas, Esquire, counsel for Plaintiff, to obtain his concurrence or nonconcurrence with the attached motion. I was not able to contact Mr. Lappas at that time. I assume that he does not concur with the attached motion, but I will file an Amended Certificate per the requirements of the local rules when I speak with him.

Respectfully submitted,

LAVERY, FAHERTY, YOUNG &
PATTERSON, P.C.

Date: _7/6/01_

By: _____

     Frank J. Lavery, Jr., Esquire
     Attorney I.D. 42370
     P. O. Box 1245
     Harrisburg, PA  17108-1245
     (717) 233-6633
     Attorneys for Defendants,
     County of Dauphin and Dauphin
     County Sheriff's Department

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this ___10ᵗʰ___ day of July, 2001,  I served a true and correct copy of the foregoing DEFENDANTS, COUNTY OF DAUPHIN AND DAUPHIN COUNTY SHERIFF'S DEPARTMENT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND CERTIFICATE OF NONCONCURRENCE via U.S. First Class mail, postage prepaid, addressed as follows:

Spero T. Lappas, Esquire
Law Offices of Spero T. Lappas
205 State Street
P.O. Box 808
Harrisburg, PA  17108-0808

Michael J. Kane, Esquire
Kane and Mackin, LLP
3300 Trindle Road
Camp Hill, PA  17011-4432

_Linda L. Gustin_
Linda L. Gustin

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CINDY L. RIGG,           :
         Plaintiff     : CIVIL ACTION NO.:  4:CV-01-0967
                        :
     vs.               : JUDGE McCLURE
                        :

COUNTY OF DAUPHIN,     :
DAUPHIN COUNTY SHERIFF'S :
DEPARTMENT and       : JURY TRIAL DEMANDED
RALPH McALLISTER,     :
         Defendants   :

## O R D E R

AND NOW, this _____ day of July, 2001, upon Defendants, County of Dauphin and Dauphin County Sheriff's Department's Motion to Dismiss Plaintiff's Complaint and Plaintiff's response thereto, it is hereby ORDERED, ADJUDGED and DECREED that said Motion is GRANTED and Plaintiff's claims against the County of Dauphin and Dauphin County Sheriff's Department are hereby dismissed with prejudice.

BY THE COURT:

                                 _____
                                 James F. McClure, Jr.
                                 U.S. District Court Judge