

**ORIGINAL**



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CINDY L. RIGG, | : |
| Plaintiff | : CIVIL ACTION NO.: 4:CV-01-0967 |
| | : |
| vs. | : JUDGE McCLURE |
| | : |
| COUNTY OF DAUPHIN, | : |
| DAUPHIN COUNTY SHERIFF'S | : |
| DEPARTMENT and | : JURY TRIAL DEMANDED |
| RALPH McALLISTER, | : |
| Defendants | : |

**BRIEF IN SUPPORT OF DEFENDANTS,
COUNTY OF DAUPHIN AND DAUPHIN COUNTY
SHERIFF'S DEPARTMENT'S, MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND, IN THE ALTERNATIVE,
A MOTION FOR A MORE SPECIFIC COMPLAINT**

I.   **STATEMENT OF FACTS AND PROCEDURAL HISTORY:**

Plaintiff, Cindy L. Rigg, initiated this civil action by filing a Complaint on May 31, 2001 against Defendants, County of Dauphin and Dauphin County Sheriff's Department (hereinafter "Moving Defendants") and Ralph McAllister. Plaintiff's Complaint contains three Counts and

purports to assert claims for violation of Plaintiff's civil rights/sexual harassment and discrimination against the County of Dauphin (Count I); claims pursuant to 42 U.S.C. §1983 for an alleged violation of Plaintiff's Fourth and Fourteenth Amendment rights against Defendant, Ralph McAllister, (Count II); and a claim pursuant to 42 U.S.C. §1983 for violation of Plaintiff's Fourth and Fourteenth Amendment rights against the Dauphin County Sheriff's Department (Count III).

The Complaint avers that from January 1999 to February 2000, Plaintiff was employed at the Dauphin County District Attorney's Office. (Complaint, ¶12) The Complaint also avers that on February 10, 2000, while in the stairwell of the Dauphin County Courthouse, Defendant McAllister, an employee of the Dauphin County Sheriff's Office, allegedly physically assaulted the Plaintiff, put his hand on Plaintiff's throat, made hostile remarks to the Plaintiff, and bit Plaintiff on the forehead. (Complaint, ¶¶4, 15) The Complaint also alleges that with respect to the February 10, 2000 incident, Moving Defendants failed to provide adequate security within the Dauphin County Courthouse to prevent the alleged assault. (Complaint, ¶17)

Plaintiff's Complaint also asserts that during the time Plaintiff was employed at the District Attorney's Office, that Defendant McAllister harassed the Plaintiff because she was a woman. (Complaint, ¶13) Plaintiff alleges that Defendant McAllister made repeated and persistent inappropriate and harassing verbal and sexual statements and remarks to the Plaintiff and asked Plaintiff to engage in sexual relations with him. (Complaint, ¶16(a)(b)) Plaintiff further avers that the "sexual harassing proclivities" of Defendant McAllister were well known to the supervisory officials within Dauphin County and the Dauphin County Sheriff's Department; that Defendant McAllister's actions were observed and witnessed by other employees of Dauphin County and Dauphin County Sheriff's Department; and that Moving Defendants' failure to take proper actions to prevent and protect Plaintiff from sexual harassment constituted acquiescence in and/or ratification of Defendant McAllister's actions and/or created a hostile work environment for the Plaintiff. (Complaint, ¶¶16(c)-(f))

On July 10, 2001, Moving Defendants filed a Motion to Dismiss Counts I and III of Plaintiff's Complaint for failure to allege any claims and/or causes of action upon which relief can be granted. In the

alternative, Defendants filed a Motion for a More Definite Statement Pursuant to Rule 12(e) because Count I of the Complaint does not identify the civil rights statute under which the Plaintiff is seeking relief. This brief is in support of Moving Defendants' dispositive motion.

II. **QUESTIONS PRESENTED:**

    A. **STANDARD OF REVIEW.**

    B. **WHETHER COUNT I OF PLAINTIFF'S COMPLAINT AGAINST DEFENDANT, COUNTY OF DAUPHIN, MUST BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE CLAIMS OR CAUSES OF ACTION UPON WHICH RELIEF CAN BE GRANTED?**

        [SUGGESTED ANSWER: YES]

    C. **WHETHER COUNT III OF PLAINTIFF'S COMPLAINT AGAINST DEFENDANT, DAUPHIN COUNTY SHERIFF'S DEPARTMENT, MUST BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE CLAIMS OR CAUSES OF ACTION FOR VIOLATION OF PLAINTIFF'S FOURTH AND/OR FOURTEENTH AMENDMENT RIGHTS UPON WHICH RELIEF CAN BE GRANTED?**

        [SUGGESTED ANSWER: YES]

D.  IN THE ALTERNATIVE, WHETHER PLAINTIFF MUST BE REQUIRED TO FILE A MORE DEFINITE STATEMENT IDENTIFYING THE STATUTORY BASIS OF THE CLAIM ASSERTED IN COUNT I OF THE COMPLAINT?

[SUGGESTED ANSWER: YES]

III. ARGUMENT:

A.  STANDARD OF REVIEW.

The standard to be applied in consideration of a motion to dismiss pursuant to Rule 12(b)(6) is well established in our jurisprudence. The court is to accept as true all well-pleaded allegations in the Complaint along with the reasonable inferences that can be drawn therefrom and view them in the light most favorable to the non-moving party. Jordan v. Fox Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). Although the court must, for purposes of such a motion, accept all factual allegations as true, it is not bound as such to accept conclusory allegations of law, unsupported conclusions, and unwarranted inferences or deductions set forth in the Complaint. Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997).

The question before the court on a motion to dismiss is whether the Plaintiff can prove any set of facts in support of her claim that entitles the Plaintiff to relief. Hartford Fire Insurance Company v. California, 113 S.Ct. 2811, 2817 (1993). If it is clear from the plaintiff's pleading that a defendant cannot be held liable, then dismissal of all claims against that defendant is appropriate. Labov v. Lalley, 809 F.2d 270 (3d Cir. 1987). Finally, "Rule 12(b)(6) authorizes the court to dismiss a claim on the basis of a dispositive issue of law." Thomas v. Ford Motor Company, 70 F.Supp. 521 (E.D.Pa. 1999).

Rule 12(e) provides in pertinent part that: "[i]f a pleading to which a responsive pleading is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." A motion for a more definite statement is an appropriate device to narrow issues, to disclose the boundaries of claims, and to expedite and simplify proceedings. Williams v. United Credit Plan of Chalmette, Inc. 526 F.2d 713, 714 (5th Cir. 1976).

B.  **COUNT I OF PLAINTIFF'S COMPLAINT FAILS TO STATE ANY CLAIMS AND/OR CAUSES OF ACTION AGAINST DEFENDANT, COUNTY OF DAUPHIN, UPON WHICH RELIEF CAN BE GRANTED.**

As a threshold matter, Moving Defendant, County of Dauphin, asserts that the Complaint does not plead any facts establishing its status as Plaintiffs' co-employer. Pennsylvania's County Code provides: "[t]he salaried Board in any county may provide for the appointment by the district attorney of such clerks and stenographers in his office as may be deemed necessary for the proper dispatch of business." 16 P.S. § 1426. The County Commissioners are the responsible managers and administrators of the fiscal affairs of the County, but by statute, cannot interfere or take any action with respect to any employees of any elected officer, including any employee of the elected sheriff (such as Co-defendant McAllister) or of the elected district attorney (such as the Plaintiff). See, 16 P.S. § 450, 1203, 1205, 1426, 1620 and 1701.

As a matter of law, the County has no authority to hire, fire or supervise the Plaintiff, since such authority, under Pennsylvania law, is committed to the independently elected district attorney. The Complaint fails to allege, nor can Plaintiff allege, that the District Attorney delegated

7

such authority to hire, fire or supervise Plaintiff to the County Sheriff or to any other County official. Moreover, the Complaint fails to allege that the County of Dauphin has exercised any employment powers affecting the Plaintiff relating to the allegations of the Complaint. Additionally, the Complaint fails to allege any actions by the County, the County Commissioners or anyone acting under their authority or direction, which caused Plaintiff any harm or which in any way relates to the allegations of the Complaint. Thus, Plaintiff has failed to allege any cognizable civil rights claims against Defendant, County of Dauphin, and Count I of the Complaint must be dismissed with prejudice as a matter of law.

To the extent that Plaintiff's claims of sexual harassment and/or gender discrimination are predicated upon the February 10, 2000 incident, said claim fails as a matter of law. In order to be actionable under the civil rights statutes, the Defendant must be acting under authority of state law. <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 184 (3d Cir. 1993). Not all torts committed by state employees constitute state action, even if committed while on duty. For instance, a state employee who pursues purely private motives and whose interaction with the victim is unconnected with his execution of official duty does not act under color of law. <u>Mark v. Borough of Hatboro</u>,

8

51 F.3d 1137, 1150 (3d. Cir. 1995) ("an otherwise private tort is not committed under color of law simply because the tortfeasor is an employee of the state.") In this case, the February 10, 2000 incident, as alleged in the Complaint, constitutes a garden-variety tort claim for assault and/or battery. The mere fact that Co-defendant, McAllister, is employed by the Dauphin County Sheriff does not convert this state tort law claim into a federal civil rights claim. Moreover, Plaintiff has not and cannot allege that the alleged February, 2000 assault constituted the requisite "purposeful discrimination" because of Plaintiff's sex/gender. Keenan v. City of Philadelphia, 983 F.2d 459, 465 (3d Cir. 1993). Consequently, to the extent that Plaintiff's claims of sexual harassment and/or gender discrimination in Count I are predicated upon that incident, those claims fail as a matter of law.

Moving Defendant, County of Dauphin, further contends that Plaintiff's claims of a hostile work environment also fail as a matter of law. As noted above, Co-defendant, McAllister, is an employee of the Dauphin County Sheriff, while Plaintiff is an employee of another elected official, the District Attorney. Pursuant to Pennsylvania's County Code, the Sheriff has the authority to appoint and/or revoke the appointment of a deputy

9

(16 P.S. § 1205), while the District Attorney has the authority to hire, fire or supervise employees in his office (16 P.S. § § 450 and 1426). Co-defendant, McAllister, and Plaintiff are not co-employees and the Complaint has not, and cannot allege that Mr. McAllister, as a Sheriff's deputy, has any supervisory duties with respect to Plaintiff's employment with the Sheriff's office. See, Woodward v. Worland, 977 F.2d 1392 (10th Cir. 1992) and Rouse v. City of Milwaukee, 921 F. Supp. 583 (E.D. Wis. 1996). Under these circumstances, it strains credulity to suggest that there could be a cognizable claim for a hostile work environment.

    C.    **COUNT III OF PLAINTIFF'S COMPLAINT FAILS TO STATE ANY CLAIMS AND/OR CAUSES OF ACTION PURSUANT TO §1983 FOR VIOLATION OF PLAINTIFF'S FOURTH AND/OR FOURTEENTH AMENDMENT RIGHTS AGAINST DEFENDANT, DAUPHIN COUNTY SHERIFF'S DEPARTMENT, UPON WHICH RELIEF CAN BE GRANTED.**

To be subject to a lawsuit under § 1983, a defendant must be a "person" capable of being sued. In a civil rights action, defendant cannot be sued if the defendant is not considered a "person" within the meaning of § 1983. Young v. Keohane, 809 F. Supp. 1185 (M.D. Pa. 1992). Courts have repeatedly held that sub-units or departments of a local government

10

are not distinct from the local government and are not subject to a civil rights lawsuit. Johnson v. City of Erie, 834 F. Supp. 873, 879 (W.D. Pa. 1993). See also, Young, 809 F. Supp. at 199 (government agencies are not subject to civil rights damages for the simple reason that they are not persons within the civil rights jurisprudence, citing, Will v. Michigan Department of State Police, 491 U.S. 58 (1989)); and Duffy v. County of Bucks, 7 F. Supp. 2d 569, 579 (E.D. Pa. 1998), (county probation department was not a proper defendant under § 1983 and was not a person under § 1983).

The numerous courts that have considered the question of whether a sub-unit or department of a local government entity is a proper defendant in a § 1983 action have unanimously reached the conclusion that it is not. Johnson, 834 F. Supp. at 879. Since the Dauphin County Sheriff's Department is not a "person" for purposes of a § 1983 lawsuit, it is not a proper defendant in this action. Consequently, Plaintiff cannot prevail against or recover from the Department in this action and Count III of the Complaint must be dismissed with prejudice.

In the alternative, Count III fails to allege any cognizable claims against the Sheriff's Department. It is axiomatic in our jurisprudence that

municipalities and other local governmental bodies may not be held liable under § 1983 solely because they employ a constitutional tortfeasor. See, Board of County Commissioners of Byron County v. Brown, 117 S. Ct. 1382, 1387-88 (1997). Therefore, the theory of respondeat superior is not a proper vehicle to impose § 1983 liability on a local governmental entity. In Byron County, the Supreme Court stated: "Where plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, vigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees." Byron County, 117 S. Ct. at 1388-89. To the extent that Count III attempts to hold the Sheriff's Department vicariously liable for McAllister's actions (particularly for the February 10, 2000 incident), it fails as a matter of law. Moreover, as noted above, Plaintiff fails to allege the requisite state action with respect to the February 10th incident to state a cognizable claim under § 1983.

Plaintiff's Complaint also contains the conclusory assertion that the Sheriff's Department failed to provide "adequate security" within the courthouse. The Complaint does not allege that the Sheriff's office had any legal duty to provide security in the stairwells of the courthouse.

12

Moreover, such an allegation sounds in negligence and, as a matter of law, simple negligence cannot serve as a predicate to liability under § 1983. See, Hudson v. Palmer, 486 U.S. 517 (1984). Consequently, the Sheriff's Department cannot be held liable under § 1983 on this claim.

In Count III of her Complaint, Plaintiff asserts a claim for punitive damages against the Sheriff's Department. It is axiomatic in our jurisprudence, however, that municipal bodies are immune from liability for punitive damages under § 1983. See, City of Newport News v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Accordingly, Plaintiff's claim for punitive damages against the Sheriff's Department must be dismissed with prejudice.

> D. IN THE ALTERNATIVE, PLAINTIFF MUST BE REQUIRED TO FILE A MORE DEFINITE STATEMENT SPECIFICALLY IDENTIFYING THE STATUTORY BASIS OF THE CLAIMS ASSERTED AGAINST DEFENDANT, COUNTY OF DAUPHIN, IN COUNT I OF THE COMPLAINT.

In the alternative, Defendant, County of Dauphin, has filed a motion for a more definite statement pursuant to Rule 12(e). In that regard, the caption at Count I of Plaintiff's Complaint indicates that it is a "civil rights/

sexual harassment and discrimination" claim against the County. In Counts II and III of the Complaint, Plaintiff identifies 42 U.S.C. § 1983 as the statutory basis for her claims. In Count I of the Complaint, however, Plaintiff does not identify whether she is proceeding under § 1983, § 1985 and/or Title VII. In the event that Moving Defendants' Motion to Dismiss Count I is denied, then Plaintiff should be required to file an amended complaint setting forth with specificity the statutory basis of her claim.

## IV. CONCLUSION:

For the reasons advanced herein, Defendants, County of Dauphin and Dauphin County Sheriff's Department, respectfully request this Honorable Court grant their Motion to Dismiss Plaintiff's Complaint and enter judgment in favor of Moving Defendants and against the Plaintiff.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

By: _____
Frank J. Lavery, Jr., Esquire
Atty No. 42370
James D. Young, Esquire
Atty No. 53904
301 Market St., Suite 800
P.O. Box 1245

DATE: 7/24/01              Harrisburg, PA 17108-1245
Attys for Defendants,
County of Dauphin and
Dauphin County Sheriff's Dept.

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 24th day of July, 2001, I served a true and correct copy of the foregoing BRIEF IN SUPPORT OF DEFENDANTS, COUNTY OF DAUPHIN AND DAUPHIN COUNTY SHERIFF'S DEPARTMENT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND, IN THE ALTERNATIVE, A MOTION FOR A MORE SPECIFIC COMPLAINT via U.S. First Class mail, postage prepaid, addressed as follows:

Spero T. Lappas, Esquire
Law Offices of Spero T. Lappas
205 State Street
P.O. Box 808
Harrisburg, PA 17108-0808

Michael J. Kane, Esquire
Kane and Mackin, LLP
3300 Trindle Road
Camp Hill, PA 17011-4432

Linda L. Gustin
Linda L. Gustin