**ORIGINAL**

The Law Offices of SPERO T. LAPPAS
205 State Street
Post Office Box 808
Harrisburg, Pennsylvania  17108-0808
(717) 238-4286
    By:  SPERO T. LAPPAS, Esquire
        Pa. Supreme Court identification no. 25745
ATTORNEY FOR PLAINTIFF

FILED
HARRISBURG, PA

AUG 0 3 2001

MARY E. D'ANDREA, CLER
Per _____ Deputy Clerk

===========================================================

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE OF PENNSYLVANIA

| | |
|---|---|
| CINDY L. RIGG,<br>    Plaintiff<br><br>    v.<br><br>COUNTY OF DAUPHIN,<br>DAUPHIN COUNTY SHERIFF'S<br>DEPARTMENT,<br>RALPH McAlister,<br>    Defendants | CIV ACTION NO. 4:CV-01-0967<br><br>JURY TRIAL DEMANDED<br><br><br><br><br>(JUDGE McCLURE) |

===========================================================

JOINT CASE MANAGEMENT PLAN MEMORANDUM

===========================================================

Attorneys for Plaintiff:  The Law Offices of SPERO T. LAPPAS
                        SPERO T. LAPPAS, Esquire
                        205 STATE STREET
                        P.O. BOX 808
                        HARRISBURG, PA   17108-0808

Attorneys for Defendant:  JAMES YOUNG, ESQUIRE
                        301 MARKET STREET
                        HARRISBURG, PA.   17108-1245
                        (For Dauphin County and Dauphin County Sheriff)

                        MICHAEL KANE, ESQUIRE
                        KANE AND MACKIN, LLP
                        3300 TRINDLE ROAD
                        CAMP HILL, PA.   17011
                        CAMP HILL, PA.
                        (For McAlister)

<u>COMPLAINT FILED: MAY 31, 2001</u>

<u>MEETING OF COUNSEL: August 3, 2001</u>

1.  1.0      <u>PLAINTIFF'S STATEMENT OF THE CASE</u>:

From on or about JANUARY 1999 to FEBRUARY 2000, PLAINTIFF was employed by Dauphin County at the Dauphin County District Attorney's Office. During that period of time DEFENDANT McAlister harassed the PLAINTIFF because she was a woman. The specific nature of this harassment appears elsewhere of this Complaint. During that same period of time DEFENDANTS engaged in a continuing course of conduct and neglect, acts and omissions, which created a sexually offensive, hostile, and degrading work environment for the PLAINTIFF based on her gender and which was sufficiently egregious as to change the conditions of her employment, and to produce a hostile, offensive and unlawfully oppressive work environment. The specific nature of this harassment appears in later paragraphs of this Complaint. Furthermore, as described elsewhere in this Complaint, on or about February 10, 2000, DEFENDANT McAlister engaged in unlawful touching of the PLAINTIFF's body. This conduct constituted unlawful use of force by a state actor in violation of the Fourteenth Amendment.

On or about February 10, 2000, while in a stairwell of the Dauphin County Courthouse, DEFENDANT McAlister physically assaulted the Plaintiff, put his hand on PLAINTIFF's throat, made hostile remarks to the PLAINTIFF, and bit PLAINTIFF on the forehead;

The discriminatory, harassing, and unlawful course of conduct engaged in by DEFENDANTS included but are not limited to the following events and incidents:

DEFENDANT McAlister made repeated and persistent inappropriate and harassing verbal sexual statements and remarks to the Plaintiff;

a. DEFENDANT McAlister asked Plaintiff to engage in sexual relations with him;

b. The sexual harassing proclivities of DEFENDANT McAlister were well known to supervisory officials within DAUPHIN COUNTY and the DAUPHIN COUNTY SHERIFF'S DEPARTMENT but those officials did not take adequate or sufficient steps to protect county employees, female county employees, and the PLAINTIFF in particular from such unlawful harassment;

c. DEFENDANT McAlister'S actions and inaction were observed and witnessed by, and became the knowledge of, other employees of DEFENDANT DAUPHIN COUNTY and DEFENDANT DAUPHIN COUNTY SHERIFF'S DEPARTMENT.

d. The failure of the county defendants to take sufficient, adequate, and proper actions to prevent and protect PLAINTIFF from sexual harassment and discrimination constituted an active or (in the alternative) tacit approval and endorsement of DEFENDANT McAlister's unlawful activities, and furthermore created and fostered an appearance and environment within County government that sexual harassment and civil rights violations would be and were tolerated within the functions and on the

       premises of DEFENDANT COUNTY OF DAUPHIN and DEFENDANT DAUPHIN COUNTY SHERIFF'S DEPARTMENT.

    e.    The defendants created a hostile work environment for the PLAINTIFF.

With respect to the February 10, 2000 assault, the DEFENDANTS DAUPHIN COUNTY and DAUPHIN COUNTY SHERIFF'S DEPARTMENT failed to provide adequate security within the Dauphin County Courthouse to prevent said assault.

### DEFENDANTS'S STATEMENT OF THE CASE:

Attached as Exhibits A and B to this Memo.

2. 1.11 **The principal factual issues that the parties dispute are:** All material averments are disputed at this time.

3. 1.20 **The principal factual issues that the parties agree upon are:** None

4. 1.30 **The principal legal issues that the parties dispute are:**

    a.    Whether any of McAlister's actions constitute the actions of a state actor?

    b.    Whether any of McAlister's actions constitute civil rights violations even if they are found to be a the actions of a state actor?

    c.    Whether McAlister's conviction of harassment in state court constitutes issue preclusion with respect to the averments pertaining to February 10, 2000?

       d.    Whether municipal defendants can be liable for sexual discrimination and harassment under the circumstances alleged in the Plaintiff's Complaint?

5. 1.40 <u>The principal legal issues that the parties agree upon are:</u>

       a.    This court has jurisdiction over this case pursuant to Title 28, United States Code, section 1331 and section 1341, other Civil Rights laws of the United States and the Commonwealth of Pennsylvania which prohibit sexual discrimination and harassment in public workplaces, and venue is appropriate.

6. 1.50 <u>Unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:</u> none.

7. 1.60 <u>Identify any named parties that have not yet been served:</u> none.

8. 1.70 <u>Identify any additional parties that:</u>
plaintiff intends to join: unknown at this time.
defendant intends to join: none at this time.

9. 1.80 <u>Identify any additional claims that:</u>
plaintiff intends to add: unknown at this time.
defendant intends to add: unknown at this time.

10. 2.0 <u>Alternative Dispute Resolution ("ADR")</u>

    2.10 Identify any ADR procedure to which this case already has been assigned or which the parties have

agreed to use.  none.

11.  3.0  <u>Consent to Jurisdiction by a Magistrate Judge</u>

The parties do not consent to the jurisdiction of a magistrate judge.

12.  4.0  <u>Disclosures</u>

    4.100  WITNESSES

        4.101    Disclosed by plaintiff: Plaintiff

                Plaintiff

                Ralph McAlister

                Jack Lotwick

                John Bottonari

        4.151    Disclosed by defendant Dauphin County:

                Plaintiff

                Ralph McAlister

                Jack Lotwick

                John Bottonari

        4.151    Disclosed by defendant McAlister:

                Ralph McAlister

    4.200  Documents disclosed:

        4.201    Categories of documents disclosed by plaintiff:  None yet.

        4.251    Categories of documents disclosed by defendant:  None yet.

    4.300  Additional documents disclosures:

        4.301    Additional categories of documents that

                plaintiff will disclose: -- discoverable documents requested by the defendant

    4.351    Additional categories of documents that defendant will disclose: discoverable documents requested by the Plaintiff.

13. **4.400  Computation of damages:**

    4.401  Plaintiff's calculation of damages:

The Defendant's actions as described in this Complaint are the direct, legal, and proximate causes of the harms, injuries, and damages to the PLAINTIFF including <u>inter alia</u> the following:

a. She suffered great humiliation, embarrassment, mortification, pain and suffering, and distress;

b. She was subjected to unlawful, illegal, unreasonable and unconstitutional touching;

c. She was put in fear of her well-being;

d. She suffered the loss of valuable federally protected rights;

e. She suffered mental and emotional damages which required her to obtain mental health treatment and incur the costs thereof;

f. She may have lost income and earning capacity, and other valuable employment benefits. Plaintiff reserves the right to present this category of damages.

by: January 30, 2002.

18.  10.0 <u>Other Matters</u> - None

19.  11.0 <u>Identification of Lead Counsel</u>

Attorneys for Plaintiff:  The Law Offices of SPERO T. LAPPAS
SPERO T. LAPPAS, Esquire
205 State Street
P.O. Box 808
Harrisburg, PA  17108-0808

Attorneys for Defendant:  FRANK J, LAVERY, JR., ESQUIRE
JAMES YOUNG, ESQUIRE
LAVERY, FAHERTY, YOUNG AND PATTERSON, PC
301 MARKET STREET
HARRISBURG, PA.  17108-1245
(For Dauphin County and Dauphin County Sheriff

MICHAEL KANE, ESQUIRE
KANE AND MACKIN, LLP
3300 TRINDLE ROAD
CAMP HILL, PA.  17011
(For McAlister)

RESPECTFULLY SUBMITTED,

The Law Offices of SPERO T. LAPPAS

By: _____
SPERO T. LAPPAS, Esquire

By: _____
JAMES YOUNG, ESQUIRE

By: _____
MICHAEL KANE, ESQUIRE

### Defendant McAlister's Statement of the Case

McAlister was employed as Chief Deputy Sheriff in Dauphin County during the time period alleged in the complaint. McAlister denies that, at any time, he made any inappropriate or harassing sexual remarks to Plaintiff. McAlister denies that he ever asked Plaintiff to engage in sexual relations with him.

With respect to the allegation that McAlister physically assaulted Plaintiff on February 10, 2000. McAlister denies that he put his hands on Plaintiff's throat, assaulted Plaintiff, bit Plaintiff on the forehead of engaged in any unlawful touching of Plaintiff.

It is McAlister's position that, accepting Plaintiff's averments to be true, they do not constitute a violation by him of a clearly established constitutional or statutory right. McAlister therefore enjoys qualified immunity. The allegations do not constitute acts committed "under color of law" as required by the Civil Rights Act, 42 U.S.C. § 1983, and therefore Plaintiff has failed to state a claim for which relief may be granted.

EXHIBIT A

**For Defendants County of Dauphin and Dauphin County Sheriff's Department:**

As a threshold matter, the municipal defendants assert that co-defendant McAlister's conduct, as alleged in the Complaint, and particularly the incident on February 14, 2000, does not constitute state action for purposes of plaintiff's civil rights claims. The County and the Sheriff's Department also assert that, based upon the allegations of the Complaint, there are no cognizable civil rights claims against the municipal defendants for sexual discrimination, sexual harassment, and/or deprivation of plaintiff's Fourth and/or Fourteenth Amendment rights. At no time prior to February 14, 2000, did plaintiff make any complaints about inappropriate conduct and/or comments allegedly made by co-defendant McAlister. The County has implemented a sexual harassment policy and the municipal defendants have not in any way encouraged, condoned, and/or acquiesced in any unlawful activities, including, but not limited to sexual harassment. The County Commissioners have published a procedure for reporting and investigating sexual harassment and the County promotes a work place respectful of colleagues and constituents and one free from discrimination and/or harassment. The municipal defendants further aver that pursuant to the Pennsylvania County Code, the County of Dauphin does not have the authority to hire, terminate, or punish co-defendant McAlister or otherwise interfere with the independently elected County officials' ability to administer and/or control their employees. Finally, the Complaint fails to allege that the Sheriff's Department and/or the County, acting as an employer, have discriminated or harassed the plaintiff.



Exhibit R

The Law Offices of SPERO T. LAPPAS
205 State Street
Post Office Box 808
Harrisburg, Pennsylvania  17108-0808
(717) 238-4286

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true copy of the attached document upon the person(s) named below by mailing a copy addressed as follows, postage pre-paid, deposited into the U. S. Mail at Harrisburg, Pa.

                         FRANK J, LAVERY, JR., ESQUIRE
                         JAMES YOUNG, ESQUIRE
                         LAVERY, FAHERTY, YOUNG AND PATTERSON, PC
                         301 MARKET STREET
                         HARRISBURG, PA.  17108-1245

                         MICHAEL KANE, ESQUIRE
                         KANE AND MACKIN, LLP
                         3300 TRINDLE ROAD
                         CAMP HILL, PA.  17011

                         RESPECTFULLY SUBMITTED,
                         The Law Offices of SPERO T. LAPPAS

                         By: _____

August 3, 2001