IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CINDY L. RIGG,

   Plaintiff,

v.

COUNTY OF DAUPHIN,
DAUPHIN COUNTY SHERIFF'S
 DEPARTMENT, and
RALPH MCALLISTER

   Defendants.

CIVIL NO. 4:CV-01-0967
JUDGE MCCLURE

FILED
WILLIAMSPORT, PA

AUG 1 7 2001

MARY E. D'ANDREA, CLERK
Per_____
   DEPUTY CLERK

BRIEF IN SUPPORT OF DEFENDANT MCALLISTER'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT

I. Facts and Procedural History.

  Plaintiff Rigg filed a complaint with this court on May 31, 2001. The complaint alleged, inter alia, that Defendant McAllister violated her Fourteenth Amendment rights by several instances of sexual harassment and for using excessive force against her on one occasion. On August 6, 2001, McAllister filed a Motion to Dismiss or in the Alternative For Summary Judgment. This brief is submitted in support of that motion.

II. Legal Argument

  In deciding a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the Court must accept as true all the allegations in the complaint and all reasonable inferences that can be drawn therefrom and view them in the light most favorable to the non-moving party. Rocks v. Philadelphia, 868 F.2d 644, 645 (3rd Cir. 1989). A complaint may be dismissed when the facts pled and the reasonable inferences derived therefrom are legally insufficient to support the relief sought. Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 179 (3rd Cir. 1988). Civil rights

claims, however, may not rest on conclusory allegations but must be set forth with specificity. Ross v. Meagan, 638 F.2d 646, 650 (3rd Cir. 1981).

Alternatively, summary judgment should be entered if the pleadings, taken together with affidavits or other supporting documentation, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See F.R.Civ.P. 56(c). Celotex v. Catrett, 477 U.S. 317 (1986). An issue is "genuine" only if the evidence is such that a reasonable juror could return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). If the evidence is "merely colorable" or "not significantly probative," summary judgment should be granted. Id. Where the record taken as a whole could not "lead a rational trier of fact to find for the non-moving party, summary judgment is proper." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574 (1986). See also, Hankins v. Temple University, 829 F.2d 437, 440 (3d Cir. 1987).

The sum of the allegations against Defendant are that, between the dates of January 1999 to February, 2000, McAllister was employed as a chief deputy sheriff in the Dauphin County Sheriff's Department while Plaintiff worked for the Dauphin County District Attorney's Office. During that time, Plaintiff claims that McAllister "harassed [Plaintiff] because she was a woman" (Complaint, para. 13) by "repeated and persistent inappropriate and harassing verbal sexual statements and remarks to the Plaintiff"(Complaint paragraph 16a) and "ask[ing] Plaintiff to engage in sexual relations with him". (Complaint paragraph.16b). Plaintiff concludes and alleges that McAllister's conduct "created a hostile work environment for the Plaintiff". (Complaint, para. 16 f.)

Additionally, Plaintiff alleges that, on February 10, 2000, Defendant McAllister "engaged in unlawful touching of Plaintiff's body" in that he "physically assaulted the Plaintiff, put his hand on

Plaintiff's throat, made hostile remarks to Plaintiff, and bit Plaintiff on the forehead". Plaintiff asserts that these latter actions "constituted unlawful use of force by a state actor in violation of the Fourteenth Amendment" (Complaint, para. 15).

In Count II of the Complaint, Plaintiff seeks recovery from Defendant McAllister for violating her rights secured by the Fourth and Fourteenth Amendment through the Civil Rights Act, 42 U.S.C. § 1983. [1]

Defendant McAllister submits that Plaintiff has failed to state a claim for which relief may be granted, and the complaint must therefore be dismissed. In addition and alternatively, because the undisputed facts fail to disclose a violation of a clearly established federal constitutional right, McAllister is entitled to qualified immunity. Summary judgment in his favor is therefore appropriate.

The standards applicable to a claim of qualified immunity are well settled, but bear repeating. Government officials are entitled to qualified immunity from suit under § 1983 where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Sharrar v. Felsing, 128 F.3d 810, 826 (3d Cir. 1997) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982)). The Supreme Court has noted that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341, 89 L. Ed. 2d 271, 106 S. Ct. 1092 (1986).

The determination of whether the public official is entitled to qualified immunity should be

---

[1] It is not altogether clear whether Plaintiff has attempted to plead a claim of employment discrimination in violation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), in the same count with a claim for a constitutional tort under 42 U.S.C. § 1983. To the extent she has, however, Defendant notes that an individual employee can not be held liable under Title VII or the corresponding Pennsylvania Human Relations Act, 43 Pa.C.S.A. §§ 951 et seq. . Dici v. Commonwealth of Pennsylvania, 91 F.3d 542 (3rd Cir. 1996). Dismissal of any such claims should therefore be granted Defendant McAllister.

3

made at the early stages of the case, since it is "an entitlement not to stand trial or face the other burdens of litigation." Saucier v. Katz, 150 L. Ed. 2d 272, 121 S. Ct. 2151, 2156 (2001) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526, 86 L. Ed. 2d 411, 105 S. Ct. 2806 (1985)); Siegert v. Gilley, 500 U.S. 226, 232, 114 L. Ed. 2d 277, 111 S. Ct. 1789 (1991). To put a public official on notice of the allegations and to determine whether immunity should be afforded, civil rights claims against public officials must be pled with specificity. Ross v. Meagan, 638 F.2d 646, 650 (3rd Cir. 1981); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988).

In assessing the sufficiency of Plaintiff's allegations against the Defendant's claim of qualified immunity, it is important to bear in mind that Section 1983 does not create any substantive rights, but merely provides a cause of action to redress violations of federally protected rights. Baker v. McCollan, 443 U.S. 137, 144 n.3, 61 L. Ed. 2d 433, 99 S. Ct. 2689 (1979). A plaintiff can not recover against a defendant if the conduct involves only violations of state law. Gomez v. Toledo, 446 U.S. 635, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980). Thus, though conduct may be actionable in a state court under state tort theories, the primary issue remains whether the jurisdiction of the federal court may be invoked to redress the wrong. Recovery may be had only where the conduct violates a clearly established federal right.

It follows that, when a defendant in a § 1983 action claims qualified immunity, the court must first determine if the plaintiff's allegations are sufficient to establish a violation of a federal constitutional or statutory right. Wilson v. Layne, 526 U.S. 603, 609, 143 L. Ed. 2d 818, 119 S. Ct. 1692 (1999), citing Conn v. Gabbert, 526 U.S. 286, 290, 143 L. Ed. 2d 399, 119 S. Ct. 1292 (1999). In some instances, sexual harassment claims may be brought under Section 1983 as a violation of the Fourteenth Amendment's Equal Protection Clause. See e.g. Robinson v. City of Pittsburgh, 120 F.3d

1286 (3rd Cir.1997); Andrews v. City of Philadelphia, 895 F.2d 1469; (3rd Cir. 1990). Sexual harassment alone is not actionable as a violation of equal protection, however. Plaintiff must prove that McAllister subjected her to "purposeful discrimination" because of her sex. Keenan v. City of Philadelphia, 983 F.2d 459, 465 (3d Cir. 1993); Andrews, 895 F.2d at 1478. Plaintiff has not alleged that McAllister's actions discriminated against her in any constitutional sense. The facts and the affidavit of McAllister demonstrate that she can not support such a claim. McAllister had no authority over Plaintiff which could allow for a claim of discrimination. He could not affect any aspect of her employment as he lacked any control over it.[2] Defendant is aware of no case which imposed Equal Protection liability upon a co-worker without a showing of some type of supervisory authority. Cf. Bonnenberger v. Plymouth Township, 132 F.3d 20 (3rd Cir. 1997) He can not be held to have violated a clearly established right, and is therefore entitled to immunity. Woodward v. City of Worland, 977 F.2d 1392, 1400 (10th Cir. 1992).

The lack of any allegation or evidence of an abuse of state authority likewise negates an essential element of Section 1983. Plaintiff must prove that McAllister acted "under color of any statute, ordinance, regulation, custom, or usage, of any State". 42 U.S.C. § 1983. It is not enough to show merely that Defendant was on duty as a public employee and that he committed a tort against Plaintiff. Mark v. Borough of Hatboro, 51 F.3d 1137, 1150 (3rd Cir. 1995) ("An otherwise private

---

[2] Though Plaintiff claims that McAllister subjected her to unwanted advances and therefore made her place of employment hostile, that is insufficient to show the necessary discrimination to hold him liable. Harassment by co-workers that affects a work place may make an employer or supervisor liable for discrimination, Andrews, supra., while not making the non-supervisory co-workers liable. Woodward v. City of Worland, 977 F.2d 1392, 1400-01 (10th Cir. 1992); Hughes v. Halifax County Sch. Bd., 855 F.2d 183, 186-87 (4th Cir. 1988), cert. denied, 488 U.S. 1042 (1989); Murphy v. Chicago Transit Auth., 638 F. Supp. 464, 467-68 (N.D. Ill. 1986).

5

tort is not committed under color of law simply because the tortfeasor is an employee of the state."). Rather, liability under Section 1983 attaches only where the actor's conduct occurs "under color of state law". This requirement has been defined by the Third Circuit as follows:

> The traditional definition of action under color of state law ... requires that one liable under § 1983 "have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West [v. Atkins], 487 U.S. 42, 49, 101 L. Ed. 2d 40, 108 S. Ct. 2250 (1988)(quoting United States v. Classic, 313 U.S. 299, 326, 85 L. Ed.1368, 61 S. Ct. 1031 (1941)).

Abbott v. Latshaw, 164 F.3d 141, 146 (3rd. Cir.1998).

> [P]urely private acts which are not furthered by any actual or purported state authority are not acts under color of state law. See Delcambre v. Delcambre, 635 F.2d 407, 408 (5th Cir. 1981)

Barna v. City of Perth Amboy, 42 F.3d 809, 817 (3rd Cir. 1994).

Thus, absent a showing that McAllister's alleged sexual harassment occurred under color of law, he is entitled to qualified immunity. Woodward v. City of Worland, 977 F.2d 1392, 1400-01 (10th Cir. 1992).

To meet the state action requirement of Section 1983, a plaintiff must produce evidence that the defendant public employee had some supervisory authority over her. Bonnenberger v. Plymouth Township, 132 F.3d 20 (3rd Cir. 1997). "Otherwise, it is difficult to establish that the abusive action was perpetrated 'under color of state law' rather than as an essentially private act of sexual harassment". Woodward, 977 F.2d at 1401. Accord: David v. City and County of Denver, 101 F.3d 1344 (10th Cir. 1996); Rouse v. City of Milwaukee, 921 F. Supp. 583 (E.D. Wis. 1996).

In the instant case, Plaintiff makes no claim that McAllister had any such authority over her, nor can she. Though she pleads that they both were employed by Dauphin County, she acknowledges

6

that they each worked for and are accountable to a separate, independently elected public official. McAllister's affidavit, attached to his motion, makes clear that he had none of the requisite power, by reason of a right or privilege created by is office, to turn his private conduct into state action. He exercised no control or influence over Plaintiff's working conditions,[3] either by rank in the chain of command or by actual authority. As offensive as conduct by a public employee may be, it is not actionable under the Civil Rights Act unless this critical element is met. Defendant is aware of no case in which liability was premised on sexual harassment without a showing of some actual supervisory authority or control over the plaintiff. Summary judgment, based on qualified immunity should therefore be ordered, as Plaintiff can not establish that McAllister violated a clearly established federal right.

Likewise, Plaintiff's Fourth amendment claim must fail due to the lack of any evidence that McAllister acted under color of law when he allegedly assaulted her. The complaint states that Defendant McAllister used "excessive force" against Plaintiff on a stairwell in the Dauphin County Courthouse during a confrontation which occurred on February 10, 2000. The allegations underlying that claim are that, on the date in question, Defendant "physically assaulted the Plaintiff, put his hand on Plaintiff's throat, made hostile remarks to Plaintiff, and bit Plaintiff on the forehead" (Complaint Paragraph 15.)

Though Plaintiff asserts that "this conduct constituted unlawful use of force by a state actor" (Complaint, paragraph 15) such a conclusory allegation is insufficient to overcome a claim of

---

[3] It is not enough to show that the parties' government employment put them in frequent contact with each other and therefore the harassment, in a sense, was made possible by McAllister's position. The offensive activity must be related to the duties and powers incidental to his job. Murphy v. Chicago Transit Auth., 638 F. Supp. 464, 468 (N.D. Ill. 1986).

7

qualified immunity. <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663, 666 (3rd Cir. 1988). Plaintiff neither alleges nor points to any facts to demonstrate that, in committing the assault, McAllister "exercise[s] power possessed by virtue of state law" or that the assault was "made possible only because the wrongdoer is clothed with the authority of state law." <u>West v. Atkins</u>, 487 U.S. 42, 49, 101 L. Ed. 2d 40, 108 S. Ct. 2250 (1988) (quoting <u>United States v. Classic</u>, 313 U.S. 299, 326, 85 L. Ed. 1368, 61 S. Ct. 1031 (1941)). The conduct alleged may have occurred on public property and during McAllister's on duty hours, but that is insufficient to turn a simple assault into a excessive use of force in violation of the Constitution. <u>Delcambre v. Delcambre</u>, 635 F.2d 407, 408 (5th Cir. 1981). (Police chief, in full uniform on steps of police department not acting under color of state law when he assaulted his sister-in-law). There is no showing that during the alleged assault McAllister was attempting to arrest plaintiff, cf. <u>Hausman v. Tredinnick</u>, 432 F. Supp. 1160(E.D.Pa. 1977), or used any official prop such as a badge, gun or nightstick to control Plaintiff. It was simply private conduct. Whatever his motive, it is clear from the compliant that the assault was a personal matter, and not any sort of show of authority conferred by the state. See <u>Barna v. City of Perth Amboy</u>, 42 F.3d 809 (3rd Cir. 1994) (and cases collected therein.)

Given that Plaintiff has failed to allege any facts to suggest that McAllister acted under color of state law in either the sexual harassment claim or the assault claim, his conduct can not be deemed to have violated a clearly established federal constitutional or statutory right, much less one about which a reasonable person should have known. He is therefore entitled to qualified immunity from suit on a claim of a civil rights violation and summary judgment should be granted.

III. Conclusion

    McAllister is entitle to qualified immunity. His motion to dismiss and for summary judgment should therefore be granted.

                                    Respectfully submitted,

                                    */s/ Michael J. Kane*
                                    Michael J. Kane Reg. No. 46215
                                    Kane and Mackin, LLP
                                    3300 Trindle Rd.
                                    Camp Hill, PA 17011
                                    (717) 214-3700
                                    Attorney for Defendant McAllister

## CERTIFICATE OF SERVICE

I Michael J. Kane, hereby certify that, on the 16th day of August, 2001, I placed true and correct copies of the

**BRIEF IN SUPPORT OF DEFENDANT MCALLISTER'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

and

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

in the United States Mail, first class postage prepaid and addressed to:

Spero T. Lappas
205 State Street
P.O. Box 808
Harrisburg, PA 17108

James D. Young
Lavery Faherty Young and Patterson, PC
The Kunkle Building
301 Market St, Suite 800
P.O. Box 1245
Harrisburg, PA 17108-1245

*/s/ Michael J. Kane*