IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CINDY L. RIGG,
: CIVIL NO. 4:CV-01-0967
Plaintiff, : JUDGE MCCLURE

v.

COUNTY OF DAUPHIN,
DAUPHIN COUNTY SHERIFF'S
DEPARTMENT, and
RALPH MCALLISTER

Defendants.

FILED
WILLIAMSPORT, PA

AUG 17 2001

MARY E. D'ANDREA, CLERK
Per_____
  DEPUTY CLERK

STATEMENT OF UNDISPUTED MATERIAL FACTS

AND NOW, Defendant Ralph McAllister submits this Statement of Undisputed Material Facts, as required by Local Rule 56.1, in support of his Motion for Summary Judgment

(Except where noted, the source in the record to support each of the following paragraphs is McAllister's affidavit in support of his Motion for Summary Judgment, filed with the motion.)

1. During all times alleged in Plaintiff's complaint, McAllister was employed by the Dauphin County Sheriff as Chief Deputy Sheriff and served at the pleasure of the Sheriff.

2. The Dauphin County Sheriff is an independently elected official under Pennsylvania Law.

3. In his capacity as Chief Deputy Sheriff, McAllister had supervisory authority only over persons employed by the Dauphin County Sheriff and no other.

4. Employees of the Dauphin County Sheriff may only be hired or terminated by the Sheriff.

5. During the period alleged in the Plaintiff's Complaint, Plaintiff was employed by the Dauphin County District Attorney. (Complaint, paragraph 12)

6. The Dauphin County District Attorney is an independently elected official under Pennsylvania Law.

7. At all times alleged in the Complaint, Plaintiff was accountable only to the District Attorney and his appointed staff.

8. Neither McAllister nor the Dauphin County Sheriff had any authority, control or influence, <u>de facto</u> or <u>de jure</u>, over any employees of the Dauphin County District Attorney or the conditions of their employment.

9. As an employee of the Dauphin County Sheriff, McAllister has never had supervisory authority over Plaintiff.

10. During the period alleged in the complaint and at all other times, McAllister had no <u>de facto</u> authority nor did McAllister ever exercise any authority, control or influence over Plaintiff's employment with the Dauphin County District Attorney's Office, including Plaintiff's job responsibilities, assignments, pay, discipline, working conditions, work hours, leave or otherwise.

11. During the period of time alleged in Plaintiff's complaint, McAllister did not wear a uniform or display a gun or display any other symbols of authority over Plaintiff.

12. At no time during the period alleged in Plaintiff's complaint did McAllister use or threaten to use the authority of his office to influence, control or in any way affect Plaintiff's employment with the Dauphin County District Attorney's Office.

13. During his employment with the Dauphin County Sheriff's Department, McAllister had no influence or input into the management of the Dauphin County District Attorney's Office.

Respectfully submitted,

*Michael J. Kane* (signature)

Michael J. Kane
Kane and Mackin, LLP
3300 Trindle Rd.
Camp Hill, PA 17011
(717) 214-3700
Attorney for Defendant McAllister