The Law Offices of SPERO T. LAPPAS
205 State Street
Post Office Box 808
Harrisburg, Pennsylvania  17108-0808
(717) 238-4286
    By:  SPERO T. LAPPAS, Esquire
        Pa. Supreme Court identification no. 25745
ATTORNEY FOR PLAINTIFF

**FILED**
**HARRISBURG**

SEP 0 4 2001

MARY E. D'ANDREA, CLER
Per_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE OF PENNSYLVANIA

CINDY L. RIGG,
    Plaintiff

    v.

COUNTY OF DAUPHIN,
DAUPHIN COUNTY SHERIFF'S
DEPARTMENT,
RALPH McAlister,
    Defendants

CIV ACTION NO. 4:CV-01-0967

JURY TRIAL DEMANDED

(JUDGE McCLURE)

PLAINTIFF'S ANSWER TO DEFENDANT MCALLISTER'S STATEMENT OF
ALLEGEDLY UNDISPUTED FACTS

As noted in footnote 6 of Plaintiff's Consolidated Brief, The Plaintiff believes that the Complaint is sufficient under the law to defeat the Defendant's motions. However, because McAllister has filed an summary judgment motion in addition to his Rule 12 motion, the Plaintiff requests pursuant to FRCP 56(f) that the Court refuse to enter summary judgment and instead allow the Plaintiff sufficient time to conduct such discovery as is needed to present an accurate picture of McAllister's position within County government.  The Plaintiff notes that all parties with access to this information are likely to be either defendants or employees of defendants and compulsory process to obtain this information will be necessary.

1

Specifically, Plaintiff does not presently have sufficient information to respond to Defendant's allegations 3, 4, 7 or 13.

With respect to the averments of allegations 8, 10, and 12, those allegations are denied in that McAllister's harassment and assault of the Plaintiff did affect her working conditions by making those conditions onerous and hostile. His status and employment as a deputy sheriff, and the County defendants' failure to properly respond to McAllister's dangerousness substantially contributed to the Plaintiff's harm. (See allegations of Plaintiff's Complaint and Plaintiff's affidavit submitted as Exhibit 7 in support of Plaintiff's Consolidated Brief.)

Allegations 1 and 5 are admitted.

Allegations 2 and 6 admitted insofar as the averments that the sheriff and district attorney are elected. With respect to the averments of independence, whether they and their staffs are truly and fully independent from the influence and control of othger county authority is a mixed question of fact and law, and discovery is required to answer those averments.

RESPECTFULLY SUBMITTED,

The Law Offices of SPERO T. LAPPAS

By: _____

SPERO T. LAPPAS, Esquire
Pa. Supreme Ct. ID no. 25745
205 State Street
P.O. Box 808
Harrisburg, PA 17108-0808
(717) 238-4286
ATTORNEY FOR THE PLAINTIFF

2

*The Law Offices of SPERO T. LAPPAS*
*205 State Street*
*Post Office Box 808*
*Harrisburg, Pennsylvania  17108-0808*
*(717) 238-4286*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true copy of the attached document upon the person(s) named below by mailing a copy addressed as follows, postage pre-paid, deposited into the U. S. Mail at Harrisburg, Pa.

FRANK J, LAVERY, JR., ESQUIRE
JAMES YOUNG, ESQUIRE
LAVERY, FAHERTY, YOUNG AND PATTERSON, PC
301 MARKET STREET
HARRISBURG, PA.  17108-1245

MICHAEL KANE, ESQUIRE
KANE AND MACKIN, LLP
3300 TRINDLE ROAD
CAMP HILL, PA.  17011

RESPECTFULLY SUBMITTED,

The Law Offices of SPERO T. LAPPAS

By:

September 4, 2001