The Law Offices of SPERO T. LAPPAS
205 State Street
Post Office Box 808
Harrisburg, Pennsylvania  17108-0808
(717) 238-4286
     By:  SPERO T. LAPPAS, Esquire
          Pa. Supreme Court identification no. 25745
ATTORNEY FOR PLAINTIFF

```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE OF PENNSYLVANIA
CINDY L. RIGG,                    :
     Plaintiff                    :
                                  :     CIV ACTION NO. 4:CV-01-0967
     v.                           :
                                  :     JURY TRIAL DEMANDED
COUNTY OF DAUPHIN,                :
DAUPHIN COUNTY SHERIFF'S          :
DEPARTMENT,                       :
RALPH McAllister,                 :
     Defendants                   :
                                  :
                                  :     (JUDGE McCLURE)
```

PLAINTIFF'S CONSOLIDATED BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS,
MOTION FOR SUMMARY JUDGMENT AND
MOTION TO COMPEL A MORE SPECIFIC COMPLAINT

FILED
HARRISBURG
SEP 0 4 2001
MARY E. D'ANDREA, Cl
Per_____
DEPUTY CLERK

                    RESPECTFULLY SUBMITTED,

                    The Law Offices of SPERO T. LAPPAS

                    By: _____
                         SPERO T. LAPPAS, Esquire
                         Pa. Supreme Ct. ID no. 25745
                         205 State Street
                         P.O. Box 808
                         Harrisburg, PA  17108-0808
                         (717) 238-4286
                         ATTORNEY FOR THE PLAINTIFF

TABLE OF CONTENTS

*TABLE OF CASES* ............................................................................. iv

1.  *INTRODUCTION AND STATEMENT OF THE CASE* ............... 1

2.  *DISCUSSION: The Plaintiff addresses the following arguments presented by the Defendants' Briefs, and asks the Court to reject each proposed ground for relief.* ............... 3

    a.  The Complaint is too vague as to the actions of Dauphin County and/or its sheriff's department to allow for the formation of a proper defense, or to identify federal causes of action. (Dauphin County's brief, pp. 6, 13-14) Because of that alleged vagueness, the Plaintiff should file an amended and more specific Complaint. (County's brief, pp. 6, 13-14) ............... 3

    b.  The Plaintiff has failed to plead facts alleging that Dauphin County was her co-employer: in fact, the County argues, the County as an entity, the Sheriff's Department and the Office of the District Attorney are three separate, almost Balkanized entities, which have no legal relationship to one another. (County's Brief, pp. 7-8). ............... 5

    c.  The Plaintiff has no hostile work environment claim against Dauphin County because she worked in a different county office than did McAllister. (County's Brief, pp. 9-10) ............... 5

    d.  Even though the County argues that the Sheriff's office is not a part of the County for civil rights purposes, the Sheriff's Department argues (in the same Brief) that it is indeed a "sub-unit or department[]" of the County and therefore cannot be sued in its own name. (County's brief, pp. 10-13, especially p. 10). ............... 10

    e.  The County argues that the Plaintiff has

|   |   |   |   |
|---|---|---|---|
|   |   | attempted to sue the County and the Sheriff on an impermissible vicarious liability theory. (County's Brief, pp. 11-12) | 11 |
|   | f. | McAllister was not acting under color of state law when he attacked the Plaintiff while on duty and acting as a County Sheriff Deputy on February 10, 1999 in the common work area. (County's Brief, pp. 8-9; McAllister's Brief, pp. 5-6) | 12 |
|   | g. | McAllister cannot be liable for a 1983 violation because he was not the Plaintiff's employment supervisor. (McAllister's Brief, p. 6) | 12 |
|   | h. | McAllister argues that the Plaintiff has no Title VII claim against him as an individual. (McAllister Brief, p. 3, n. 1) | 13 |
|   | i. | McAllister claims he has qualified immunity because the Plaintiff's rights which McAllister is averred to have violated -- equal protection, the right of freedom against sexual discrimination, the right to be free of physical assault -- are not clearly established federal rights. (McAllister's Brief, pp. 4-5. 7-8) | 15 |
| 3. | CONCLUSION |   | 15 |

## TABLE OF CASES

Allegheny County v. Wilcox, 76 Pa. Cmwlth. Ct. Pa. 584, 465 A.2d 47 (1983) ... 8

Andrews v. City of Philadelphia, 895 F.2d 1469 (3rd Cir. 1990) ... 14

Armbruster v. Quinn, 711 F.2d 1332, 1337 (6th Cir. 1983) ... 10

Annis v. County of Westchester, 36 F.3d 251 (2d Cir. 1994) ... 14

Beardside v. Isom, 828 F.Supp. 397 (E.D. VA 1993) ... 14

Bohen v. City of East Chicago, Indiana, 799 F.2d 1180 (7th Cir. 1986) ... 13

Dirkse v. City of Springfield, 842 F.Supp. 1117 (C.D. Ill 1994) ... 14

Dortz v. City of New York, 904 F.Supp. 127 (S.D.N.Y. 1995) ... 8

G. Heileman Brewing Co., Inc. v. NLRB, 879 F.2d 1526, 1531 (7th Cir. 1989) ... 9

Graves v. Dauphin County, et al., 117 F.3d 723 (3d. Cir. 1997) ... 9

Hedley v. Bacon, 828 F.2d 1272 (8th Cir. 1987) ... 13

Lankford v. City of Hobart, 73 F.3d 283 (10th Cir. 1996) ... 14

NLRB v. Browning-Ferris Indus. of Penn. Inc., 691 F.2d 1117 (3d Cir. 1982) ... 8

Pontarelli v. Stone, 930 F.2d 104 (1st Cir. 1991) ... 13

Poulsen v. City of North Tonawanda, New York, 811 F. Supp. 884 (W.D.N.Y. 1983) ... 13

Rivas v. Federacion de Asociaciones Pecuarias, 929 F.2d 814 (1st Cir. 1991) ... 9

Starrett v. Wadley, 876 F.2d 808 (10th Cir. 1989) ... 14

Virgo v. Riviera Beach Associates, 30 F.3d 1350 (11th Cir. 1994) ... 8

1. INTRODUCTION AND STATEMENT OF THE CASE:

The Plaintiff has filed a three count civil rights complaint alleging that Defendant McAllister has over a period of years sexually harassed her with the full knowledge of, and sometimes in the presence of, highly ranked county officials -- many of whom had prior knowledge of McAllister's dangerous proclivities.

This pattern culminated in a physical assault on february 10, 1999 when, on duty as a Deputy Sheriff, McAllister attacked the Plaintiff in a Courthouse stairwell, choking and biting her.

This case has wound its way through the administrative arena, where motions to dismiss by the County and its Sheriff were filed and denied. (See Exhibits 1, 2, 3 submitted in support of this Brief) After the issuance of an EEOC right to sue letter, the Plaintiff filed this claim in the United States District Court.

The Defendants have all filed Motions to Dismiss[1] and all have filed supporting Briefs.[2]

Both defense briefs seem to coalesce and intermingle an amalgam of arguments sounding, generally, in the following grounds:[3]

    a.    The Complaint is too vague as to the actions of Dauphin County and/or its sheriff's department to

---

[1] McAllister's Motion is also a Motion for Summary Judgment.

[2] The County and its Sheriff filed a consolidated Brief which, when cited *infra* will be referred to as "County's Brief."

[3] The lack of clearly defined separations of the Briefs into separate argument sections (especially with respect to the Brief submitted on behalf of defendant McAllister) makes it difficult to determine exactly how many arguments the Defendants are making. The Plaintiff believes that the following list is all-inclusive.

        allow for the formation of a proper defense, or to identify federal causes of action. (Dauphin County's brief, pp. 6, 13-14)  Because of that alleged vagueness, the Plaintiff should file an amended and more specific Complaint.  (County's brief, pp. 6, 13-14)

b.    The Plaintiff has failed to plead facts alleging that Dauphin County was her co-employer:  in fact, the County argues, the County as an entity, the Sheriff's Department and the Office of the District Attorney are three separate, almost Balkanized entities, which have no legal relationship to one another. (County's Brief, pp. 7-8).

c.    The Plaintiff has no hostile work environment claim against Dauphin County because she worked in a different county office than did McAllister. (County's Brief, pp. 9-10)

d.    Even though the County argues that the Sheriff's office is not a part of the County for civil rights purposes, the Sheriff's Department argues (in the same Brief) that it is indeed a "sub-unit or department[]" of the County and therefore cannot be sued in its own name. (County's brief, pp. 10-13, especially p. 10).

e.    The County argues that the Plaintiff has attempted to sue the County and the Sheriff on an impermissible vicarious liability theory. (County's Brief, pp. 11-12)

f.    Mcallister was not acting under color of state law when he attacked the Plaintiff while on duty and acting as a County Sheriff Deputy on February 10, 1999 in the common work area. (County's Brief, pp. 8-9;  McAllister's Brief, pp. 5-6)

g.    McAllister argues that the Plaintiff has no Title VII claim against him as an individual. (McAllister Brief, p. 3, n. 1)

h.    McAllister claims he has qualified immunity because the Plaintiff's rights which McAllister is averred to have violated -- equal protection, the right of freedom against sexual discrimination, the right to be free of physical assault -- are not clearly established federal rights.  (McAllister's Brief, pp. 4-5. 7-8)

i.    McAllister cannot be liable for a 1983 violation

2

>     because he was not the Plaintiff's employment
>     supervisor. (McAllister's Brief, p. 6)

The plaintiff will address each of these arguments seriatim in the order they are listed above, introduced by the same language as is used in the preceding list.

2. <u>DISCUSSION</u>:

>     a.  The Complaint is too vague as to the actions of Dauphin County and/or its sheriff's department to allow for the formation of a proper defense, or to identify federal causes of action. (Dauphin County's brief, pp. 6, 13-14)  Because of that alleged vagueness, the Plaintiff should file an amended and more specific Complaint. (County's brief, pp. 6, 13-14)

The Plaintiff's is sufficiently specific to withstand any challenge that its precludes responsive pleading or defense. In particular, though without limitation, the Complaint[4] alleges that:

>     "From on or about JANUARY 1999 to FEBRUARY 2000, PLAINTIFF was employed by Dauphin County at the Dauphin County District Attorney's Office.
>
>     >     "During that period of time DEFENDANT MCALLISTER harassed the PLAINTIFF because she was a woman. . . .
>
>     >     "During that same period of time DEFENDANTS engaged in a continuing course of conduct and neglect, acts and omissions, which created a sexually offensive, hostile, and degrading work environment for the PLAINTIFF based on her gender and which was sufficiently egregious as to change the conditions of her employment, and to produce a hostile, offensive and unlawfully oppressive work environment. . . .
>
>     >     "Furthermore, as described elsewhere in this

---

[4] Paragraphs 12 to 16(f). The Plaintiff has verified these averments in an affidavit submitted in support of this Brief.

3

Complaint, on or about February 10, 2000, DEFENDANT MCALLISTER engaged in unlawful touching of the PLAINTIFF's body. This conduct constituted unlawful use of force by a state actor in violation of the Fourteenth Amendment.

"On or about February 10, 2000, while in a stairwell of the Dauphin County Courthouse, DEFENDANT MCALLISTER physically assaulted the Plaintiff, put his hand on PLAINTIFF's throat, made hostile remarks to the PLAINTIFF, and bit PLAINTIFF on the forehead;

"The discriminatory, harassing, and unlawful course of conduct engaged in by DEFENDANTS included but are not limited to the following events and incidents:

   a.   DEFENDANT MCALLISTER made repeated and persistent inappropriate and harassing verbal sexual statements and remarks to the Plaintiff;

   b.   DEFENDANT MCALLISTER asked Plaintiff to engage in sexual relations with him;

   c.   The sexual harassing proclivities of DEFENDANT MCALLISTER were well known to supervisory officials within DAUPHIN COUNTY and the DAUPHIN COUNTY SHERIFF'S DEPARTMENT but those officials did not take adequate or sufficient steps to protect county employees, female county employees, and the PLAINTIFF in particular from such unlawful harassment;

   d.   DEFENDANT MCALLISTER'S actions and inaction were observed and witnessed by, and became the knowledge of, other employees of DEFENDANT DAUPHIN COUNTY and DEFENDANT DAUPHIN COUNTY SHERIFF'S DEPARTMENT.

   e.   The failure of the county defendants to take sufficient, adequate, and proper actions to prevent and protect PLAINTIFF from sexual harassment and discrimination constituted an active or (in the

4

> alternative) tacit approval and endorsement of DEFENDANT MCALLISTER's unlawful activities, and furthermore created and fostered an appearance and environment within County government that sexual harassment and civil rights violations would be and were tolerated within the functions and on the premises of DEFENDANT COUNTY OF DAUPHIN and DEFENDANT DAUPHIN COUNTY SHERIFF'S DEPARTMENT.
>
> f.  The defendants created a hostile work environment for the PLAINTIFF."

See Exhibit 4 submitted in support of this Brief.

In fact, the plain language of the County's Brief reveals that the Complaint has adequately warned the defense about the Plaintiff's claim: the Brief itself (especially at pp. 2-3) demonstrates an clear understanding of the facts upon which this lawsuit is based.

> b.  The Plaintiff has failed to plead facts alleging that Dauphin County was her co-employer. (County's Brief, p 7)
>
> c.  The Plaintiff has no hostile work environment claim against Dauphin County because she worked in a different county office than did McAllister. (County's Brief, pp. 9-10)

<u>(1) This issue has been decided against the defendants, and its continued assertion is precluded by collateral estoppel.</u> As shown in Exhibits 1, 2, and 3 submitted in support of this Brief, these defendants raised this exact motion before the Pennsylvania Human Relations Commission, It was therein decided against them -- a decision based on both state <u>and federal</u> law -- after a full and

fair opportunity to be heard. This issue is now precluded against the defendants by collateral estoppel, and the redundant attempt to re-litigate this decision should be dismissed, and the Motion denied.

(2) *On its merits, the position of the County is disproved by the position asserted and the arguments made on behalf of the Sheriff.* The County says it is separate from the sheriff, and therefore not responsible for McAllister, a deputy sheriff. The Sheriff however says that he is not a separate suable entity and is in fact a sub-unit and component part (the brief uses the term "department") of county government. The brief goes on to admit that the Sheriff is "not distinct from" Dauphin County. (PP. 10-11)[5]

Thus, the County is admitted to be the organizational unit to which the Sheriff belongs, and the County's argument must fail.

(3) *As a matter of law, the county is the employer or at least the co-employer of the individual parties.* Dauphin County and Dauphin County Sheriff argue that Dauphin County, the Sheriff of Dauphin County, the District Attorney of Dauphin County, are all constitutional strangers to one another and that there is essentially no relationship among them. Employees of the Sheriff are not employees of the County (or so they argue). Employees of the District Attorney are not employees of the County (or so they

---

[5] This brief, as previously noted, was filed on behalf of **both** the County and the Sheriff. Therefore, its concessions apply to both of these defendants, and the acknowledgement on "non-distinctness" binds the County,

6

argue). County government is, if we accept the Respondents' view, a Balkanized array of independent fiefdoms which share nothing other than a common courthouse address. If that is the case, of course, then almost no one in county government has any protection for civil rights violations: unless the offender and the victim happen to work in the same sub-agency. Fortunately, that argument is not consonant with constitutional or civil rights law and the respondent's motions must be denied.

First of all, contrary to the defendants' underlying assumption that the District Attorney and the Sheriff are somehow not part of Dauphin County, the constitution of this Commonwealth provides that:

> "County Officers shall consist of...District Attorneys . . . [and] Sheriffs . . .."

Pennsylvania Constitution, Article 9, Section 4, Paragraph 1.

In their every function, the District Attorney and the Sheriff exercise the public authority which flows from the Commonwealth to the official <u>through the County</u>. Accordingly, the authority of the District Attorney and the authority of the Sheriff is nothing more than the County's Authority which they hold by virtue of their constitutional office.

In any event, the defendant's motions to dismiss and the arguments presented in support of those motions border on chicanery. The District Attorney and the Sheriff are not forces unto themselves, they are part of Dauphin County. Accordingly, Cindy Rigg is in fact a Dauphin County employee as is Ralph McAllister. The County is liable, at least, for sexual harassment

7

and discrimination as pleaded in the Complaint; and the Sheriff is responsible, at least, for failure to properly supervise Mr. McAllister and for employing a person whose unlawful proclivities were or should have been known to the Sheriff and the County.

On the law question of whether employees of the sub-unit are employees of the County, the state Commonwealth Court decision in <u>Allegheny County v. Wilcox</u>, 76 Pa. Cmwlth. Ct. Pa. 584, 465 A.2d 47 (1983) is instructive. There, Allegheny County was held to be the employer of Night Court Clerks and District Justice Secretaries. Furthermore, the <u>Wilcox</u> court held that the County was liable because it was a party to the discrimination. Among the facts upon which the <u>Wilcox</u> court relied were that the County paid salary to the Complainants and the Complainants were under the jurisdiction of the County's salary board. With respect to Ms. Rigg, both of these factors apply in the present case, by prior admission of the Defendants. In the Pa.H.R.C. litigation the County admitted that it pays Ms. Rigg: County's Pa.H.R.C Brief (Exhibit 5 submitted in support of this Brief) at page 8 and Sheriff's Pa.H.R.C. Brief (Exhibit 6 submitted in support of this Brief) at page 6; the salary board jurisdiction applies: County's Pa.H.R.C. Brief at page 8, Sheriff's Pa.H.R.C. Brief at page 6. These are important indicia of employment. (These Pa.H.R.C. documents are authenticated by the Affidavit of Counsel submitted herewith as Exhibit 7)

Similar defense arguments (at least once made by on behalf of Dauphin County itself in a previous case) have been rebuffed in

8

several federal cases on principles of joint-employer status. See, e.g., Virgo v. Riviera Beach Associates, 30 F.3d 1350 (11th Cir. 1994); Dortz v. City of New York, 904 F.Supp. 127 (S.D.N.Y. 1995); NLRB v. Browning-Ferris Indus. of Penn. Inc., 691 F.2d 1117, 1123 (3d Cir. 1982); Rivas v. Federacion de Asociaciones Pecuarias, 929 F.2d 814, 820-21 (1st Cir. 1991); G. Heileman Brewing Co., Inc. v. NLRB, 879 F.2d 1526, 1531 (7th Cir. 1989); and most importantly Graves v. Dauphin County, et al., 117 F.3d 723 (3d. Cir. 1997).

In Graves, the plaintiffs were clerks at a local District Justices's office. They sued the District Justice, the Supreme Court of Pennsylvania and Dauphin County. The Circuit Court described their case thusly:

> "The Clerks filed this Title VII action in the Middle District of Pennsylvania on September 26, 1995, against Lowery, the Pennsylvania Supreme Court and Dauphin County. The Clerks premised Title VII liability against the defendants on the following theory: that District Justice Lowery engaged in a pattern of quid pro quo sexual harassment, created a hostile working environment and retaliated against the Clerks for reporting his conduct; that Lowery was the supervisor of the Clerks; that Dauphin County was the co-employer of the Clerks; and that the Pennsylvania Supreme Court was the co-employer of the Clerks. The Clerks also alleged that, through custom, the Pennsylvania Supreme Court had delegated its statutorily granted governing authority over court employees to Dauphin County. In sum, the Clerks claimed that all three defendants exercised some employer-type authority over them and, accordingly, all three defendants could be held liable for Lowery's harassing conduct under Title VII."

In Graves, the Court identified certain factors, a sufficient number of which will be established during early discovery to bring thus case into the direct orbit of the Graves decision:

> (1) funding, actions and policies which reveal a requisite control over the employees;

9

(2) the employees' coverage by the County's sexual harassment policy;

(3) an expectation that the County has the authority to intervene in sexual harassment cases (citing, Armbruster v. Quinn, 711 F.2d 1332, 1337 (6th Cir. 1983). "[T]he most important requirement is that there be sufficient indicia of an interrelationship . . . to justify the belief on the part of an aggrieved employee that the [alleged co-employer] is jointly responsible for the acts of the immediate employer.");

(4) The employees' coverage by the County's personnel policies such as holidays, vacation time, maternity leave, sick leave, etc.

Accordingly, the Circuit Court (which saw considerable extra confusion in the Graves case because of the Pennsylvania Constitution's establishment of a Unified Judicial system) found without difficulty that Dauphin County is the co-employer of the workers at in its constituent offices. The same rule applies to defeat the defense Motions in this case.[6]

> d. Even though the County argues that the Sheriff's office is not a part of the County for civil rights purposes, the Sheriff's Department argues (in the same Brief) that it is indeed a "sub-unit or department[]" of the County and therefore cannot be sued in its own name. (County's

---

[6] Although the Plaintiff believes that the Complaint is already sufficient, if the Defendants are to be given any relief, the Plaintiff contends that it should be in the form of requiring the Plaintiff to file an amended Complaint after a preliminary course of discovery. We would request 60 days for this discovery.

brief, pp. 10-13, especially p. 10).

The Plaintiff has addressed this argument in the previous section. In sum, Plaintiff will agree to proceed against the County to the exclusion of the Sheriff upon the Court's finding that the Sheriff's Department is subsumed in the County's auspices for the purposes of liability to the Plaintiff in this case.

> e. The County argues that the Plaintiff has attempted to sue the County and the Sheriff on an impermissible vicarious liability theory. (County's Brief, pp. 11-12)

Here, perhaps, is one place where the Defendants misunderstand the Plaintiff's Complaint. Respondeat superior is not the basis for the claim against the County (or the Sheriff). In fact, the Complaint could hardly be clearer that the liability of the County Defendants is based on direct actions and inaction:

> "The sexual harassing proclivities of DEFENDANT MCALLISTER were well known to supervisory officials within DAUPHIN COUNTY and the DAUPHIN COUNTY SHERIFF'S DEPARTMENT but those officials did not take adequate or sufficient steps to protect county employees, female county employees, and the PLAINTIFF in particular from such unlawful harassment";
>
> "DEFENDANT MCALLISTER'S actions and inaction were observed and witnessed by, and became the knowledge of, other employees of DEFENDANT DAUPHIN COUNTY and DEFENDANT DAUPHIN COUNTY SHERIFF'S DEPARTMENT;"
>
> "The failure of the county defendants to take sufficient, adequate, and proper actions to prevent and protect PLAINTIFF from sexual harassment and discrimination constituted an active or (in the alternative) tacit approval and endorsement of DEFENDANT MCALLISTER's unlawful activities, and furthermore created and fostered an appearance and environment within County government that sexual harassment and civil rights violations would be and were tolerated within the functions and on the

11

>  premises of DEFENDANT COUNTY OF DAUPHIN and DEFENDANT DAUPHIN COUNTY SHERIFF'S DEPARTMENT."
>
> "The defendants created a hostile work environment for the PLAINTIFF."

Complaint, paragraph 17.

These averments defeat the Defendants <u>respondeat superior</u> argument.

>  f.  Mcallister was not acting under color of state law when he attacked the Plaintiff while on duty and acting as a County Sheriff Deputy on February 10, 1999 in the common work area. (County's Brief, pp. 8-9; McAllister's Brief, pp. 5-6)

This argument is especially difficult to accept on its face. The facts which this court must accept as true for this Motion's sake include that McAllister was a municipal law enforcement officer, on duty, at his official premises of employment when he came upon the Plaintiff in a secluded space and then violently attacked her. McAllister is so intent to present this incident as nothing more than an episode of sexual harassment that he has lost sight of its basic facts. If Plaintiff was a non-county employee, visiting the Courthouse on other business (jury duty, for example) and was attacked by a deputy sheriff, no one would have the slightest problem recognizing this as a Fourth and Fourteenth Amendment unlawful use of state force action which would be cognizable under section 1983. The plaintiff has not lost any rights because she works for the county. She is entitled to bring

this claim.[7]

      g.    McAllister cannot be liable for a 1983 violation because he was not the Plaintiff's employment supervisor. (McAllister's Brief, p. 6)

This argument is analogous to section e, supra. No rule requires that an on duty police officer who unlawfully attacks a civilian must also be that civilian's employer in order for her claim to have merit. Stated thus, the absurdity of McAllister's position becomes manifest.

      h.    McAllister argues that the Plaintiff has no Title VII claim against him as an individual. (McAllister Brief, p. 3, n. 1)

This contention is correct. The plaintiff's case against McAllister individually has always been a 1983 action, based on the Fourth and Fourteenth Amendments.

      i.    McAllister claims he has qualified immunity because the Plaintiff's rights which McAllister is averred to have violated -- equal protection, the right of freedom against sexual discrimination, the right to be free of physical assault

---

[7] As noted above in footnote 6, The Plaintiff believes that the Complaint is sufficient under the law to defeat the Defendant's motions. However, because McAllister has filed an summary judgment motion in addition to his Rule 12 motion, the Plaintiff requests pursuant to FRCP 56(f) that the Court refuse to enter summary judgment and instead allow the Plaintiff sufficient time to conduct such discovery as is needed to present an accurate picture of McAllister's position within County government. The Plaintiff notes that all parties with access to this information are likely to be either defendants or employees of defendants and compulsory process to obtain this information will be necessary.

13

-- are not clearly established federal rights. (McAllister's Brief, pp. 4-5. 7-8)

(1) <u>A sexual discrimination and harassment plaintiff can bring her claim under 42 U.S.C. §1983.</u> It has long been the law, long before this case arose in 1999 through 2000, that a civil rights plaintiff may bring a sexual harassment case directly under section 1983. <u>See</u>, <u>e.g.</u>, <u>Poulsen v. City of North Tonawanda, New York</u>, 811 F. Supp. 884 (W.D.N.Y. 1983) "several circuit courts have ruled that sex-based discrimination, including sexual harassment, is actionable under Section 1983 as a violation of equal protection. <u>See</u>, <u>e.g</u> <u>Pontarelli v. Stone</u>, 930 F.2d 104 (1st Cir. 1991); <u>Bohen v. City of East Chicago, Indiana</u>, 799 F.2d 1180 (7th Cir. 1986); <u>Hedley v. Bacon</u>, 828 F.2d 1272 (8th Cir. 1987); <u>Starrett v. Wadley</u>, 876 F.2d 808 (10th Cir. 1989)."

The Third Circuit is in accord with this majority. <u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469 (3rd Cir. 1990).

> "To bring a successful claim under 42 U.S.C. §1983 for a denial of equal protection, Plaintiffs must prove the existence of purposeful discrimination . . . . Specifically, to prove sexual discrimination a Plaintiff must show that any disparate treatment was based upon her gender. <u>Bohen</u> [<u>supra</u>]."

<u>Andrews</u>, 895 F.2d at 1478.

Accordingly, a equal protection/sexual harassment case directly under the Fourteenth Amendment (which is what this case is) can be as a 1983 case -- and that was been the law long before McAllister harassed Rigg.

Implicit in this rule -- that sexual harassment is a 1983

14

claim -- is the requisite component that freedom from sexual harassment was a clearly established federal right when the majority of circuits recognized that it could be prosecuted directly under the Civil Rights Act. See also, Annis v. County of Westchester, 36 F.3d 251 (2d Cir. 1994); Beardside v. Isom, 828 F.Supp. 397 (E.D. VA 1993).; Dirkse v. City of Springfield, 842 F.Supp. 1117 (C.D. Ill 1994); Lankford v. City of Hobart, 73 F.3d 283 (10th Cir. 1996).

Freedom from unlawful police attack has been so deeply ingrained a right for so long as to require no substantial argument in its favor.

### 3. CONCLUSION:

Wherefore, the Plaintiff requests that the court deny the Defendants' Motions to Dismiss, for Summary Judgment, and to compel a More Specific Complaint.

RESPECTFULLY SUBMITTED,

The Law Offices of SPERO T. LAPPAS

By: _____
SPERO T. LAPPAS, Esquire
Pa. Supreme Ct. ID no. 25745
205 State Street
P.O. Box 808
Harrisburg, PA 17108-0808
(717) 238-4286
ATTORNEY FOR THE PLAINTIFF

The Law Offices of SPERO T. LAPPAS
205 State Street
Post Office Box 808
Harrisburg, Pennsylvania  17108-0808
(717) 238-4286

CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true copy of the attached document upon the person(s) named below by mailing a copy addressed as follows, postage pre-paid, deposited into the U. S. Mail at Harrisburg, Pa.

FRANK J, LAVERY, JR., ESQUIRE
JAMES YOUNG, ESQUIRE
LAVERY, FAHERTY, YOUNG AND PATTERSON, PC
301 MARKET STREET
HARRISBURG, PA.  17108-1245

MICHAEL KANE, ESQUIRE
KANE AND MACKIN, LLP
3300 TRINDLE ROAD
CAMP HILL, PA.  17011

RESPECTFULLY SUBMITTED,

The Law Offices of SPERO T. LAPPAS

By: [signature]

September 4, 2001