The Law Offices of SPERO T. LAPPAS
205 State Street
Post Office Box 808
Harrisburg, Pennsylvania  17108-0808
(717) 238-4286
        By:  SPERO T. LAPPAS, Esquire
             Pa. Supreme Court identification no. 25745
ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE OF PENNSYLVANIA

CINDY L. RIGG,                    :
        Plaintiff                 :
                                  :    CIV ACTION NO. 4:CV-01-0967
        v.                        :
                                  :    JURY TRIAL DEMANDED
COUNTY OF DAUPHIN,                :
DAUPHIN COUNTY SHERIFF'S          :
DEPARTMENT,                       :
RALPH McAlister,                  :
        Defendants                :
                                  :    (JUDGE McCLURE)

EXHIBITS SUBMITTED IN SUPPORT OF
PLAINTIFF'S CONSOLIDATED BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS,
MOTION FOR SUMMARY JUDGMENT AND
MOTION TO COMPEL A MORE SPECIFIC COMPLAINT

FILED
HARRISBURG

SEP 0 4 2001

MARY E. D'ANDREA, CLI
Per_____
DEPUTY CLERK

RESPECTFULLY SUBMITTED,

The Law Offices of SPERO T. LAPPAS

By:

        SPERO T. LAPPAS, Esquire
        Pa. Supreme Ct. ID no. 25745
        205 State Street
        P.O. Box 808
        Harrisburg, PA  17108-0808
        (717) 238-4286
        ATTORNEY FOR THE PLAINTIFF

## TABLE OF EXHIBITS

1.  Dauphin County's Motion to Dismiss in the Pennsylvania Human Relations Commission.

2.  Dauphin County Sheriff's Motion to Dismiss in the Pennsylvania Human Relations Commission.

3.  Commission Order denying Motions to Dismiss, including Commission counsel's recommendation for dismissal.

4.  Affidavit of Plaintiff

5.  County's Pa.H.R.C Brief.

6.  Sheriff's Pa.H.R.C Brief.

7.  Affidavit of Counsel

**COMMONWEALTH OF PENNSYLVANIA**
**GOVERNOR'S OFFICE**
**PENNSYLVANIA HUMAN RELATIONS COMMISSION**

|  |  |  |
|---|---|---|
| CINDY L. RIGG, | : | |
| | : | |
| Complainant, | : | PHRC Docket No. E-95219D |
| | : | |
| v. | : | EEOC Charge No. 17FA02096 |
| | : | |
| DAUPHIN COUNTY, | : | |
| SHERIFF'S DEPARTMENT, | : | |
| | : | |
| Respondent | : | |

## RESPONDENT DAUPHIN COUNTY'S MOTION TO DISMISS

Respondent Dauphin County, by and through its attorneys, Susan R. Friedman and Stevens & Lee, hereby moves to dismiss the above-referenced Complaint pursuant to 16 Pa. Code §42.34. In support thereof, Respondent County avers as follows:

1.       The Complaint alleges that Complainant is an employee of the District Attorney's Office, where she is employed as the Juvenile Delinquency Coordinator.

2.       The Complaint names two Respondents:  "Dauphin Cnty, Sheriff's Department" and "Dauphin Cnty."

3.       The Sheriff's Department is not a legal entity.

4.       The Complaint alleges various acts of alleged sexual harassment by Ralph McAllister, the Chief Deputy Sheriff.

5.       The only reference to the Respondent County in the Complaint is an allegation that during the week of February 14, 2000, Complainant reported the alleged incident and sexual harassment to John Bottonari, Assistant Personnel Director.  Nothing else concerning the Respondent County is alleged.

**PLAINTIFF'S EXHIBIT**

6.    The Complaint alleges that Complainant reported the alleged incident and sexual harassment to Edward Marsico, District Attorney, during the week of February 14, 2000.

7.    The Complaint alleges that during the week of February 14, 2000, the Complainant was required to give a written report of the alleged sexual harassment to the CID unit, which is part of the District Attorney's Office.

8.    The Complaint alleges that Respondent Sheriff transferred McAllister to a position located at the county prison, which is a position of the Sheriff's Department.

9.    The County Commissioners have no power or authority to hire, fire or supervise any employees of the Sheriff's Department, any employees of the District Attorney' Office, or any employees of any other elected row officer. Only the elected county row officer has the authority to hire, fire or supervise the employees in his or her office.

10.    Pennsylvania's County Code sets forth the authorities of the various elected officers. 16 P.S. Section 450 provides: "Appointees to county offices or positions other than to elected offices shall be subject to removal at the pleasure of the appointing power...."

11.    16 P.S. Section 1203 provides: "The sheriff of each county shall appoint, by commission duly recorded in the office for recording deeds, a chief deputy, whose appointment shall be revocable by the sheriff at pleasure on recording in said office a signed revocation thereof...."

12.    16. P.S. Section 1205 provides: "The sheriff of each county may appoint such deputies and clerks as may be necessary to properly transact the business of his office. He may revoke the appointment of deputies in the same manner as his chief deputy."

13.    16 P.S. Section 1426 provides: "The salary board in any county may provide for the appointment by the district attorney of such clerks and stenographers in his office as may be deemed necessary for the proper dispatch of business."

14.    The County Commissioners are the responsible managers and administrators of the fiscal affairs of the county, but by statute cannot interfere or take any action with respect to any employees of any elected officer, including any employee of the elected Sheriff or of the elected District Attorney. *See 16 P.S. Sections 450, 1203, 1205, 1426, 1620, 1701.*

15.    As a matter of law, the County has no authority to hire, fire or supervise the Complainant. As a matter of law only the District Attorney has the authority to hire, fire or supervise the Complainant. The Complaint fails to allege, nor can Complainant allege, that the District Attorney delegated such authority to hire, fire or supervise the Complainant to the County or to anyone else.

16.    As a matter of law, the County has no authority to hire, fire or supervise Ralph McAllister. As a matter of law only the Sheriff has the authority to hire, fire or supervise McAllister. The Complaint fails to allege, nor can Complainant allege, that the Sheriff delegated such authority to hire, fire or supervise McAllister to anyone else.

17.    As a matter of law, Respondent Dauphin County is not the Complainant's employer for purposes of hiring, firing or supervising Complainant. The County only has employment authority with respect to fiscal matters, and there are no allegations in the Complaint concerning any discrimination in fiscal matters, terms or conditions of Complainant's employment.

18. The Complaint fails to allege that Respondent County has exercised any employment powers over or affecting Complainant related to the allegations of the Complaint.

19. The Complaint fails to allege any actions or inaction by the County, the County Commissioners, or anyone acting under their authority or direction, which caused Complainant any harm or which in any way relates to the allegations of the Complaint.

20. The Complaint fails to allege any actions in which the Respondent County discriminated against or harassed the Complainant.

21. As a matter of law, the Sheriff has no authority to hire, fire or supervise the Complainant. As a matter of law only the District Attorney has the authority to hire, fire or supervise the Complainant. The Complaint fails to allege, nor can Complainant allege, that the District Attorney delegated such authority to hire, fire or supervise the Complainant to the Sheriff or to anyone else.

22. As a matter of law, Respondent Sheriff (Sheriff's Department) is not the Complainant's employer.

23. The Complaint fails to allege that Respondent Sheriff, or that anyone in the Sheriff's Department, has exercised or has the statutory or legal authority to exercise any employment powers over or affecting Complainant.

24. The Complaint fails to allege any actions in which the Respondent Sheriff (Sheriff's Department), or anyone in the Sheriff's Department discriminated against or harassed the Complainant acting as an employer.

5

25.    The Complaint fails to state a cause of action for which the Pennsylvania Human Relations Commission (PHRC) has subject matter jurisdiction.

26.    The Complaint fails to state a claim for which relief can be granted.

27.    The PHRC cannot order the County to take any actions which the County has no statutory or legal authority to take.

28.    The PHRC cannot order the Sheriff (Sheriff's Department) to take any actions which the Sheriff has no statutory or legal authority to take.

THEREFORE, Respondent Dauphin County moves that the Commission dismiss the Complaint in this matter in its entirety.

Dated:  August 8, 2000                          STEVENS & LEE

                                        BY:    _Susan L. Friedman_____

                                               Susan R. Friedman

                                               One Penn Square
                                               P.O. Box 1594
                                               Lancaster, PA 17608-1594
                                               (717) 291-1031

                                               Attorneys for Respondent
                                               Dauphin County

## COMMONWEALTH OF PENNSYLVANIA
## GOVERNOR'S OFFICE
## PENNSYLVANIA HUMAN RELATIONS COMMISSION

| | | |
|---|---|---|
| CINDY L. RIGG, | : | |
| Complainant, | : | |
| | : | |
| v. | : | PHRC Docket No. E-95219D |
| | : | |
| | : | EEOC Charge No. 17FA02096 |
| | : | |
| DAUPHIN COUNTY, | : | |
| SHERIFF'S DEPARTMENT, | : | |
| Respondent | : | |

### CERTIFICATE OF SERVICE

I, SUSAN R. FRIEDMAN, ESQUIRE, certify that on this date, I served a certified true and correct copy of the foregoing MOTION TO DISMISS upon the Complainant, by depositing the same in the United States mail, postage prepaid, addressed as follows:

CERTIFIED MAIL RETURN RECEIPT REQUESTED

Spero T. Lappas, Esquire
205 State Street
P.O. Box 808
Harrisburg, PA 17108-0808
Attorney for the Complainant

William T. Tully, Esquire
Solicitor to the Dauphin County Sheriff
2233 North Front Street
Harrisburg, PA 17110
Attorney for Respondent Dauphin County Sheriff's Department

STEVENS & LEE

BY: _Susan L. Friedman_

Susan R. Friedman
One Penn Square
P.O. Box 1594
Lancaster, PA 17608-1594
(717) 291-1031
Attorneys for Respondent Dauphin County

Dated: August 8, 2000

7

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

| | | |
|---|---|---|
| Cindy L. Rigg, | : | |
| **Complainant** | : | |
| | : | **PHRC DOCKET NO. E-95219D** |
| v. | : | |
| | : | **EEOC Charge No. 17FA02096** |
| Dauphin Co., Sheriff's Department, | : | |
| **Respondent** | : | |

## ORDER

**AND NOW,** this _____ day of _____, 2000, upon consideration of Respondent Sheriff's Department's Motion to Dismiss, it is **HEREBY ORDERED AND DECREED** that said motion be, and same is hereby **GRANTED**. The complaint is hereby **DISMISSED** with prejudice.

This Order shall be deemed sufficient to authorize all actions necessary to implement its provisions.

BY THE COURT:

_____
                                        J.

Distribution:

Spero Lappas, Esq., 205 State Street, Harrisburg, PA 17101
Susan R. Friedman, Esq., One Penn Square, P.O. Box 1594, Lancaster, PA 17608-1594
William T. Tully, Esq., 2233 N. Front St., Harrisburg, PA 17110



PLAINTIFF'S EXHIBIT 2

# COMMONWEALTH OF PENNSYLVANIA
## GOVERNOR'S OFFICE
## PENNSYLVANIA HUMAN RELATIONS COMMISSION

| | | |
|---|---|---|
| Cindy L. Rigg, | : | |
| Complainant | : | |
| | : | **PHRC DOCKET NO. E-95219D** |
| v. | : | |
| | : | **EEOC Charge No. 17FA02096** |
| Dauphin Co., Sheriff's Department, | : | |
| Respondent | : | |

## RESPONDENT SHERIFF'S DEPARTMENT'S MOTION TO DISMISS

Respondent Sheriff's Department, by and through its attorneys, Mancke, Wagner, Hershey & Tully, hereby moves to dismiss the above-referenced complaint, pursuant to 16 Pa.Code §42.34. In support thereof, Respondent Sheriff's Department avers as follows:

1. The complaint alleges that complainant is an employee of the District Attorney's Office, where she is employed as the Juvenile Delinquency Coordinator.

2. The complaint names two Respondents: "Dauphin Cnty, Sheriff's Department" and "Dauphin Cnty."

3. The Sheriff's Department is not an independent legal entity.

4. The complaint alleges various acts of alleged sexual harassment by Ralph McAllister, the Chief Deputy Sheriff.

5. The only reference to the Respondent County in the complaint is an allegation that during the week of February 14, 2000, Complainant reported the alleged incident and sexual harassment to John Bottorfari, Assistant Personnel Director. Nothing else concerning the Respondent County is alleged.

6. The complaint alleges that Complainant reported the alleged incident and sexual harassment to Edward Marsico, District Attorney, during the week of February 14, 2000.

7. The complaint alleges that during the week of February 14, 2000, the Complainant was required to give a written report of the alleged sexual harassment to the CID unit, which is part of the District Attorney's Office.

8. The complaint alleges that Respondent Sheriff transferred McAllister to a position physically located at the county prison.

9. The County Commissioners have no power or authority to hire, fire or supervise any employees of the Sheriff's Department, any employees of the District Attorney's Office, or any employees of any other elected row officer. Only the elected county row officer has the authority to hire, fire or supervise the employees in his or her office.

10. Pennsylvania's County Code sets forth the authorities of the various elected officers. 16 P.S. Section 450 provides: "Appointees to county offices or positions other than to elected offices shall be subject to removal at the pleasure of the appointing power...."

11. 16 P.S. Section 1203 provides: "The sheriff of each county shall appoint, by commission duly recorded in the office for recording deeds, a chief deputy, whose appointment shall be revocable by the sheriff at pleasure on recording in said office a signed revocation thereof...."

12. 16 P.S. Section 1205 provides: "The sheriff of each county may appoint such deputies and clerks as may be necessary to properly transact the business of his office. He may revoke the appointment of deputies in the same manner as his chief deputy."

13. 16 P.S. Section 1426 provides: "The salary board in any county may provide for the appointment by the district attorney of such clerks and stenographers in his office as may be deemed necessary for the proper dispatch of business."

14. The County Commissioners are the responsible managers and administrators of the fiscal affairs of the county, but by statute cannot interfere or take any action with respect to any employees of any elected officer, including any employee of the elected Sheriff or of the elected District Attorney. *See 16 P.S. Sections 450, 1203, 1205, 1426, 1620, 1701.*

15. As a matter of law, the County has no authority to hire, fire or supervise the Complainant. As a matter of law, only the District Attorney has the authority to hire, fire or supervise the Complainant. The complaint fails to allege, nor can Complainant allege, that the District Attorney delegated such authority to hire, fire or supervise the Complainant to the Sheriff or to any other county official.

16. As a matter of law, only the Sheriff has the authority to hire, fire or supervise McAllister. The complaint fails to allege, nor can Complainant allege, that the Sheriff delegated such authority to hire, fire or supervise McAllister to the District Attorney or any other county official.

17. As a matter of law, Respondent Dauphin County is not the Complainant's employer for purposes of hiring, firing or supervising Complainant. The County only has employment authority with respect to fiscal matters, and there are no allegations in the complaint concerning any discrimination in fiscal matters, terms or conditions of Complainant's employment.

18. The complaint fails to allege that Respondent County has exercised any employment powers over or affecting Complainant related to the allegations of the complaint.

19. The complaint fails to allege any actions by the County, the County Commissioners, or anyone acting under their authority or direction, which caused Complainant any harm or which in any way relates to the allegations of the complaint.

20. The complaint fails to allege any actions in which the Respondent County discriminated against or harassed the Complainant.

21. As a matter of law, the Sheriff has no authority to hire, fire or supervise the Complainant. As a matter of law only the District Attorney has the authority to hire, fire or supervise the Complainant. The Complaint fails to allege, nor can Complainant allege, that the District Attorney delegated such authority to hire, fire or supervise the Complainant to the Sheriff or to anyone else.

22. As a matter of law, Respondent Sheriff (Sheriff's Department) is not the Complainant's employer.

23. The complaint fails to allege that Respondent Sheriff, or anyone in the Sheriff's Department, has exercised or has the statutory or legal authority to exercise any employment powers over or affecting Complainant.

24. The complaint fails to allege any actions in which the Respondent Sheriff (Sheriff's Department), or anyone in the Sheriff's Department, discriminated against or harassed the Complainant, acting in the capacity of an employer.

25. The complaint fails to state a cause of action for which the Pennsylvania Human Relations Commission (PHRC) has subject matter jurisdiction.

26. The complaint fails to state a claim for which relief can be granted.

27. The PHRC cannot order the County to take any actions which the County has no statutory or legal authority to take.

28. The PHRC cannot order the Sheriff (Sheriff's Department) to take any actions which the Sheriff has no statutory or legal authority to take.

**THEREFORE,** Respondent Sheriff's Department moves that the Commission dismiss

the complaint in this matter in its entirety.

Respectfully Submitted,

MANCKE, WAGNER, HERSHEY & TULLY

Attorneys for Respondent Sheriff's Department

Date: ___8-29-01___        _____
                            William T. Tully, Esq.
                            2233 North Front Street
                            Harrisburg, PA 17110
                            (717) 234-7051
                            I.D. #36410

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

| | | |
|---|---|---|
| **Cindy L. Rigg,** | : | |
| **Complainant** | : | |
| | : | **PHRC DOCKET NO. E-95219D** |
| **v.** | : | |
| | : | **EEOC Charge No. 17FA02096** |
| **Dauphin Co., Sheriff's Department,** | : | |
| **Respondent** | : | |

## CERTIFICATE OF SERVICE

I, William T. Tully, hereby certify that on this date, a true and correct copy of the foregoing document was served upon all interested parties by first class mail, postage prepaid, at Harrisburg, Pennsylvania, addressed as follows:

Spero Lappas, Esq.  
205 State Street  
Harrisburg, PA 17101

Susan R. Friedman, Esq.  
One Penn Square  
P.O. Box 1594  
Lancaster, PA 17608-1594

Date: 8-29-00

William T. Tully, Esq

**Chairperson**
CARL E. DENSON
**Vice-Chairperson**
RAQUEL OTERO de YIENGST
**Secretary**
GREGORY J. CELIA, JR.
**Executive Director**
HOMER C. FLOYD

**COMMISSIONERS**
M. JOEL BOLSTEIN
JOSEPH J. BORGIA
THEOTIS W. BRADDY
RUSSELL S. HOWELL
ELIZABETH C. UMSTATTD
SYLVIA A. WATERS
DANIEL D. YUN



Reply to:

P.O. Box 3145
Harrisburg, PA 17105-3145

COMMONWEALTH OF PENNSYLVANIA
**HUMAN RELATIONS COMMISSION**
101 South Second Street, Suite 300
P.O. Box 3145
Harrisburg, PA 17105-3145
(717) 787-4410 (Voice)
(717) 787-4087 (TT)

December 5, 2000

Ronald W. Chadwell
Assistant Chief Counsel
PA Human Relations Commission
1101 South Front Street, 5th Floor
Harrisburg, PA 17104

William T. Tully, Esquire
Mancke, Wagner, Hershey & Tully
2233 N. Front Street
Harrisburg, PA 17110

Susan R. Friedman, Esquire
Stevens & Lee
P.O. Box 1594
Lancaster, PA 17608-1594

Spero T. Lappas, Esquire
P.O. Box 808
Harrisburg, PA 17108-0808

Re: **Rigg v. Dauphin County Sheriff's Department**
**Docket No. E-95219D**

Dear Counsel:

Enclosed please find a copy of Motions Commissioner Howell's Interlocutory Order
issued in response to a motion to dismiss previously filed in the referenced case.

Sincerely,

*Phillip A. Ayers*

Phillip A. Ayers
Motions Commissioner Advisor



**PLAINTIFF'S EXHIBIT**
tabbies
3

## COMMONWEALTH OF PENNSYLVANIA

## GOVERNOR'S OFFICE

## PENNSYLVANIA HUMAN RELATIONS COMMISSION

CINDY L. RIGG,
    **Complainant**

    **v.**                               **DOCKET NO. E-95219D**

**DAUPHIN COUNTY,
SHERIFF'S DEPARTMENT
    Respondents**

### INTERLOCUTORY ORDER

**AND NOW**, this _____1_____ day of _DECEMBER_____, 2000, upon consideration of the Respondents' Motion to Dismiss the above-captioned case, and the response thereto, it is hereby

### O R D E R E D

pursuant to 16 Pa. Code §42.131(c)(1), the Respondents' Motion be denied.

In the instant case, the Complainant alleges that she experienced sexual harassment during the course of her employment with the Dauphin County District Attorney's Office. The Complainant further alleges that both named Respondents are responsible for the alleged sexual harassment. Both Respondents filed Motions to Dismiss asserting that neither is the Complainant's employer.

On a Motion to Dismiss, the Respondent bears the burden of pleading and proving that there is no dispute regarding material factual issues. Also Complainant, as non-moving party, is entitled to have all issues viewed in the light most favorable to her position. Viewing the allegations in that light, the Complainant has alleged

sufficient facts to assert a violation of Secton 5(e) of the PHRA. As Commission Counsel notes, liability could attach to either Respondent even if Complainant was not an employee of either Respondent. Secondly, the Respondents herein could be held liable under a joint employer theory.

Accordingly, Respondents' Motion to Dismiss are denied and Commission staff shall proceed with its investigation into the allegations raised by the instant complaint.

**PENNSYLVANIA HUMAN RELATIONS COMMISSION**

By: _Russell S. Howell_ _____
Russell S. Howell
Motions Commissioner

*The Law Offices of SPERO T. LAPPAS*
*205 State Street*
*Post Office Box 808*
*Harrisburg, Pennsylvania  17108-0808*
*(717) 238-4286*

## I.  VERIFICATION BASED UPON PERSONAL KNOWLEDGE AND INFORMATION SUPPLIED BY COUNSEL

1.  I verify that the averments in the foregoing COMPLAINT are based upon the information which has been gathered by my counsel in preparation of this lawsuit.

2.  The language of this COMPLAINT is that of counsel and is not mine.

3.  I have read the COMPLAINT and, to the extent that it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information, and belief.

4.  To the extent that the contents of the COMPLAINT are that of counsel, I have relied upon counsel in making this Verification.

5.  I understand that intentional false statements herein are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsifications made to authorities.

6.  I understand that intentional false statements herein are made subject to the penalties perjury under 28 USC section 1746.



PLAINTIFF

---

*The Law Offices of SPERO T. LAPPAS*



PLAINTIFF'S EXHIBIT
4

R6C
00 AUG 28 AH 9: 11
RECEIVED BY
PA HUMAN RELATIONS COMM
HBG REGIONAL OFFICE

00 AUG 24 AH 9: 11
RECEIVED BY
PA HUMAN RELATIONS COMM
HBG REGIONAL OFFICE

**COMMONWEALTH OF PENNSYLVANIA**
**GOVERNOR'S OFFICE**
**PENNSYLVANIA HUMAN RELATIONS COMMISSION**

CINDY L. RIGG,                           :
                    Complainant,          :
                                          :
        v.                                :        PHRC Docket No. E-95219D
                                          :
                                          :        EEOC Charge No. 17FA02096
                                          :
DAUPHIN COUNTY,                           :
SHERIFF'S DEPARTMENT,                     :
                    Respondent            :

## BRIEF IN SUPPORT OF RESPONDENT DAUPHIN COUNTY'S MOTION TO DISMISS

AND NOW come Respondent Dauphin County, by and through its

attorneys, Susan R. Friedman and Stevens & Lee, and hereby files this Brief in

support of its Motion to Dismiss:

STATEMENT OF FACTS

A Complaint was served upon Respondents Dauphin County and Dauphin

County Sheriff's Department on June 9, 2000. The Complainant alleged that

Respondents violated §5 of the Pennsylvania Human Relations Act. The

Complainant is employed in the district attorney's office as a paralegal. As part of

her responsibilities, the Complainant was the Juvenile Delinquency Coordinator

which would require her to interact with employees of the Sheriff's Department.



PLAINTIFF'S
EXHIBIT
5

The Complainant claims that between January 1999 and January 2000, Ralph McAllister, Chief Deputy Sheriff sexually harassed Complainant. The Complainant alleges that Mr. McAllister made inappropriate comments to her between October 1999 and January 2000.

The Complaint asserts that on February 10, 2000, Mr. McAllister placed his hands on the Complainant's throat and bit her on the forehead. During the week of February 14, 2000, the Complainant reported the incident to John Bottonari, Assistant Personnel Director and Edward Marsico, District Attorney. The Complaint alleges that the Complainant was required to give a written report of the alleged sexual harassment to the CID unit, which is part of the District Attorney's Office. The Complainant did not report any alleged sexual harassment by McAllister to the Respondent Dauphin County or to Respondent Dauphin County Sheriff's Department prior to reporting the incident of February 10, 2000. The District Attorney's office referred the matter to the Office of the Attorney General for investigation.

Upon learning of the Complainant's allegations against McAllister, the Sheriff assigned McAllister to a Sheriff's Department position at the County Prison while the matter was being investigated.

## ISSUE

WHETHER THE PHRC HAS SUBJECT MATTER JURISDICTION
OVER THE COMPLAINANT'S HARASSMENT CLAIM.

SUGGESTED ANSWER:        NO.

## ARGUMENT

THE PHRC DOES NOT HAVE SUBJECT MATTER JURISDICTION
OVER THE COMPLAINANT'S HARASSMENT CLAIM.

Section 3 of the Pennsylvania Human Relations Act recognizes and declares

that individuals have the right to be free from discrimination in employment,

housing and public accommodation.  Section 4 of the Act, provides definitions

which determine how the provisions of the Act are to be applied.  43 P.S. §954.

The Act defines 'employer' to include "the Commonwealth or any political

subdivision or board, department, commission or school district thereof and any

person employing four or more persons within the Commonwealth. . . ." 43 P.S.

§954(b).  The County is an employer under the Act, however, it is not the

Complainant's employer.

Although the Act does not define 'employment,' a review of case law

demonstrates that the Pennsylvania Courts utilize the common law master-servant

relationship analysis in determining whether the Act is applicable to a particular

3

employer. *Office of Vocational Rehabilitation v. PHRC*, 118 Pa. Commw. 163, 545 A.2d 412 (1988). *See also, Harmony Volunteer Fire Company and Relief Association v. PHRC*, 73 Pa.Commw. 596, 459 A.2d 439 (1983).

In *OVR*, the Commonwealth Court reversed the PHRC's denial of OVR's motion to dismiss holding that the PHRC did not have subject matter jurisdiction because there was no employment relationship between OVR and the complainant. The complainant sought a job referral from OVR for a part time position, however, the OVR representative refused to provide the complainant with a job referral due to the complainant's age and partial paralysis. The complainant filed a complaint with the PHRC against OVR under the Pennsylvania Human Relations Act alleging age and disability discrimination for refusing to provide complainant with a job referral for a position he was qualified to hold.

The *OVR* Court, applying the common law analysis of the master-servant relationship, determined that "none of Complainant's pleadings allege any of the necessary indicia of a master-servant relationship with OVR. Further, it is clear that Complainant never contemplated an employment relationship with OVR because he pleaded that he went to OVR seeking a *job referral*." (emphasis in the original). 545 A.2d 412, 414. Therefore, the Court determined that the PHRC did not have any subject matter jurisdiction in the matter because there was no

employment relationship between the complainant and OVR. Therefore, the Commonwealth Court reversed the PHRC's denial of OVR's motion to dismiss.

The Commonwealth Court set forth the factors to determine employer status in *Harmony, supra,* in which the Court determined that a volunteer fire company is an employer pursuant to the Act. The *Harmony* Court determined that the PHRC did have subject matter jurisdiction in that the volunteer fire company is an employer pursuant to the Act. "'The relation of master and servant exists where the employer has the right to select the employee, the power to remove and discharge him, and the right to direct both what work shall be done, and the way and manner in which it shall be done.' The employer's power to control the nature and the parameters of the employee's activities is the key to the relationship. Although the duty to pay a salary is often coincident with the status of employer, it is not an absolute prerequisite." 459 A.2d 439, 442 (*citing McColligan v. Pennsylvania Railroad Company,* 214 Pa. 229, 63 A. 792 (1906), *quoting* 20 Am. & Eng. Ency. Of Law (2d Ed.), p. 11, 12. *See also, Sweet v. Pennsylvania Labor Relations Board,* 457 Pa. 456, 322 A.2d 362 (1974); *Rodgers v. Washington County Institution District,* 349 Pa. 357, 37 A.2d 610 (1944); *Jones v. Unemployment Compensation Board of Review,* 163 Pa.Superior Ct. 271, 60 A.2d 568 (1948)).

In *Harmony*, the Commission had determined that the fire company was an employer because the fire company could hire and terminate firefighters; give orders to the firefighters as to who, how and when work is to be performed; and the fire company provided training for the firefighters. Therefore, the Court agreed with the Commission and concluded that due to "the extensive control which the fire company exercises over its members, it is an employer for purposes of the Human Relations Act." 459 A.2d 439, 442.

Additionally, the Pennsylvania Supreme Court has established that in order to determine whether an employer is liable for the actions of its employee, it is essential to utilized the master-servant analysis in determining whether an employment relationship is in existence. In 1944, the Pennsylvania Supreme Court, in an action for trespass caused by the negligence of an employee, noted that "[i]t is a well recognized rule that, 'where one may be in the general employ of another, yet he may, with respect to particular work, be transferred to the service of a third person, in such a way that he becomes, for the time being, the servant of that person with all the legal consequences of that relation.'" *McGrath v. Edward G. Budd Mfg. Co.*, 348 Pa. 619, 622 36 A.2d 303, 305 (1944) (*citing Robson v. Martin*, 291 Pa. 426, 430, 140 A. 339, 341)). The Court affirmed that the test of the existence of an employment relationship is whether the employer had the

power or authority to control the employee when the negligent act was committed. *McGrath, supra (citing Walters v. Kaufmann Dept. Stores, Inc.*, 334 Pa. 233, 235, 5 A.2d 559; *Persing v. Citizens Traction Co.*, 294 Pa. 230, 235, 144 A. 97; *Eckert v. Merchants' Shipbuilding Corp.*, 280 Pa. 340, 348, 124 A. 477; *Hoffman v. Montgomery County*, 146 Pa.Super. 399, 402, 22 A.2d 762).

The *McGrath* Court reiterated its holding from *Eckert v. Merchants' Shipbuilding Corp., supra,* 280 Pa. 349, 124 A. 481, wherein the Pennsylvania Supreme Court quoted from 18 Ruling Case Law 782 that: "'It is essential to the relation of employer and employee ... that the employer shall have power and authority to direct and control the acts of the alleged employee. Having this power the employer must respond; lacking it, he is not to be held accountable. Respondent superior is the foundation of liability; and if the employer or principal is without power to command or direct the acts of the alleged employee or agent, there is no superior whose duty it is to respond for the acts of an inferior.'" 36 A.2d 303, 305.

Additionally, in *Sweet v. Pennsylvania Labor Relations Board,* 457 Pa. 456, 461, 322 A.2d 362, 365 (1974), the Pennsylvania Supreme Court noted that an employer-employee relationship "exists when a party has the right to select the employe, the power to discharge him, and the right to direct both the work to be

7

done and the manner in which such work shall be done." (*Citing McColligan v. Pennsylvania Railroad Co.* 214 Pa. 229, 63 A. 792 (1906). *See also, Smalich v. Westfall,* 440 Pa. 409, 269 A.2d 476 (1970); *Ragano v. Socony Vacuum Oil Co.,* 376 Pa. 271, 101 A.2d 686 (1954). The Court acknowledged that merely paying an employee a salary is not determinative as to whether an employment relationship is in existence between the payor and the payee. *Sweet, supra., (citing Rodgers v. Washington County Institution District,* 349 Pa. 357, 37 A.2d 610 (1944)).

The Pennsylvania County Code establishes in 16 P.S. § 450 that: "[a]ppointees to county offices or positions other than to elected offices shall be subject to removal at the pleasure of the appointing power. . . ." The County Code also provides: "[t]he salary board in any county may provide for the appointment by the district attorney of such clerks and stenographers in his office as may be deemed necessary for the proper dispatch of business." 16 P.S. §1426. Under the County Code, the Complainant in the instant matter was hired by the District Attorney and is subject to control, discipline and removal by the District Attorney. As a result, the District Attorney is the Complainant's employer. The District Attorney is an elected official and has not delegated his statutory authority to hire, fire or supervise the Complainant to the County, to the Sheriff, or to anyone else.

8

This power to control the employment of the Complainant lies exclusively lies in the hands of the District Attorney.

The Pennsylvania County Code also governs the Sheriff's Department in that "[t]he sheriff of each county shall appoint, by commission duly recorded in the office for recording deeds, a chief deputy, whose appointment shall be revocable by the sheriff at pleasure on recording in said office a signed revocation thereof. . . ." 16 P.S. §1203. The County Code also permits the sheriff to "appoint such deputies and clerks as may be necessary to properly transact the business of his office. He may revoke the appointment of deputies in the same manner as his chief deputy." 16 P.S. §1205. Under the common law master-servant analysis, the Sheriff is McAllister's employer. The Sheriff has the power and statutory authority to retain, discharge and supervise McAllister. This power and control has not been delegated by the Sheriff to the County or to the District Attorney, and by statute remains exclusively with the Sheriff.

The County Commissioners are the responsible managers and administrators of the fiscal affairs of the county, but by statute cannot interfere or take any action with respect to any employee of any elected officer, including any employee of the elected Sheriff or of the elected District Attorney. *See 16 P.S. §450, 1203, 1205, 1426, 1620, 1701.* The County Commissioners are essentially the money

managers of the County and disperse the revenue, which is generated by the County taxpayers, to each of the departments of the elected officials to allow the elected officials to conduct their business in an efficient manner. The County Commissioners are strictly prohibited by the Pennsylvania Legislature from acting on their own initiative to hire, fire or control any employee of either the Sheriff's Department or the District Attorney's office.

In the instant matter, it is essential to determine whether the PHRC has subject matter jurisdiction in this matter by applying the common law principles of a master-servant relationship. The Complainant's pleadings have failed to allege any of the requisites of a master-servant relationship to establish that an employment relationship exists between the Complainant and the Sheriff's Department or with the County. The County is not the employer of the Complainant under the PHRA in this matter because the County does not have the power to hire the Complainant, or the power to remove or discharge the Complainant, nor does the County have the right to direct either what work shall be done, or the way and manner in which it shall be done. This control and authority has been statutorily reserved to the District Attorney.

The County, via the County Commissioners, manage and administer the funds of the County which enable the District Attorney to provide monetary

10

compensation to the Complainant. Despite the Complainant's salary being financed through County funds, this is not a sufficient nexus to qualify the County as the Complainant's employer for purposes of the Pennsylvania Human Relations Act since merely paying an employee a salary is not determinative as to whether an employment relationship is in existence between the County and the Complainant. The Complainant has failed to allege that the County has discriminated against her in fiscal matters, terms or conditions of her employment.

Additionally, the County is not the employer of McAllister, pursuant to the Pennsylvania County Code. The County does not have the authority to hire, terminate or punish McAllister. The authority and power lies in the hands of the Sheriff, an elected official. The Sheriff and only the Sheriff has the power and authority to hire, discharge, transfer and control the duties and responsibilities of McAllister in his position as Chief Deputy Sheriff. The Sheriff has not delegated his authority to hire, fire or supervise McAllister to anyone else. The County Code prohibits the County Commissioners from interfering with the Sheriff and District Attorney's ability to administer and control their employees.

The Complaint fails to allege that the County has exercised any employment powers over or affected Complainant related to the allegations of the Complaint. The Complaint also fails to allege that the Sheriff's Department and/or the County,

acting as an employer, has discriminated or harassed the Complainant. The District Attorney is the Complainant's employer pursuant to the common law master-servant analysis and for the purposes of the Pennsylvania Human Relations Act. The Complainant does not name the District Attorney as a Respondent. The Complaint fails to allege, nor can Complainant allege, that the District Attorney discriminated against the Complainant under the Act. During the week of February 14, 2000, the Complainant first informed the District Attorney of the alleged discrimination/harassment. The District Attorney immediately initiated an investigation into Complainant's allegations.

The PHRC cannot order the County or the Sheriff to take any actions which the County or the Sheriff have no statutory or legal authority to take. Therefore, due to the absence of an employment relationship between the Complainant and the Sheriff or the County, the PHRC is without subject matter jurisdiction in the instant matter.

CONCLUSION

Based upon the foregoing, the PHRC lacks subject matter jurisdiction over the Complainant's sexual harassment claims. The Respondents' Motion to Dismiss must be granted and the Complaint must be dismissed in its entirety.

08.23.00.SL1 91550v1 40420.001

Dated:  August 23, 2000

STEVENS & LEE

BY: _____
Susan R. Friedman

One Penn Square
P.O. Box 1594
Lancaster, PA 17608-1594
(717) 291-1031

Attorneys for Respondent
Dauphin County

13

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

CINDY L. RIGG,                          :
        Complainant,               :
                          :
      v.                              :     PHRC Docket No. E-95219D
                          :
                          :     EEOC Charge No. 17FA02096
                          :
DAUPHIN COUNTY,                         :
SHERIFF'S DEPARTMENT,                   :
        Respondent                 :

CERTIFICATE OF SERVICE

     I, SUSAN R. FRIEDMAN, ESQUIRE, certify that on this date, I served a certified true and correct copy of the foregoing BRIEF IN SUPPORT OF RESPONDENT DAUPHIN COUNTY'S MOTION TO DISMISS upon the following persons, by depositing the same in the United States mail, postage prepaid, addressed as follows:

CERTIFIED MAIL RETURN RECEIPT REQUESTED
Spero T. Lappas, Esquire
205 State Street
P.O. Box 808
Harrisburg, PA 17108-0808
Attorney for the Complainant

William T. Tully, Esquire
Solicitor to the Dauphin County Sheriff
2233 North Front Street
Harrisburg, PA 17110
Attorney for Respondent Dauphin County Sheriff's Department

                        STEVENS & LEE

                BY:    _Susan L. Friedman_
                      Susan R. Friedman
                      One Penn Square
                      P.O. Box 1594
                      Lancaster, PA 17608-1594
                      (717) 291-1031
                      Attorneys for Respondent Dauphin County

Dated:  August 23, 2000

14

# COMMONWEALTH OF PENNSYLVANIA
## GOVERNOR'S OFFICE
### PENNSYLVANIA HUMAN RELATIONS COMMISSION

| | | |
|---|---|---|
| Cindy L. Rigg, | : | |
| Complainant | : | |
| | : | **PHRC DOCKET NO. E-95219D** |
| v. | : | |
| | : | **EEOC Charge No. 17FA02096** |
| Dauphin Co., Sheriff's Department, | : | |
| Respondent | : | |

## BRIEF IN SUPPORT OF RESPONDENT SHERIFF'S DEPARTMENT'S MOTION TO DISMISS

**AND NOW** comes Respondent Sheriff's Department, by and through its attorneys,

Mancke, Wagner, Hershey & Tully, and hereby files this brief in support of its motion to

dismiss:

## STATEMENT OF FACTS:

A complaint was served upon Respondents Dauphin County and Dauphin County

Sheriff's Department on June 9, 2000. The Complainant alleged that Respondents violated §5 of

the Pennsylvania Human Relations Act. The Complainant is employed in the district attorney's

office as a paralegal. As part of her responsibilities, the Complainant was the Juvenile

Delinquency Coordinator, which would require her to interact with employees of the Sheriff's

Department. The Complainant claims that between January 1999 and January 2000, Ralph

McAllister, Chief Deputy Sheriff, sexually harassed Complainant. The Complainant alleges that

Mr. McAllister made inappropriate comments to her between October 1999 and January 2000.

The Complainant asserts that on February 20, 2000, Mr. McAllister placed his hands on

the Complainant's throat and bit her on the forehead. During the week of February 14, 2000, the

1



Complainant reported the incident to John Bottonari, Assistant Personnel Director, and Edward Marsico, District Attorney. The Complaint alleges that the Complainant was required to give a written report of the alleged sexual harassment to the CID unit, which is part of the District Attorney's Office. The Complainant did not report any alleged sexual harassment by McAllister to the Respondent Dauphin County or to Respondent Dauphin County Sheriff's Department prior to reporting the incident of February 10, 2000. The District Attorney's Office referred the matter to the Office of the Attorney General for investigation.

Upon learning of the Complainant's allegations against McAllister, the Sheriff assigned McAllister to a Sheriff's Department position at the County Prison while the matter was being investigated.

**ISSUE:**

DOES THE PHRC HAVE SUBJECT MATTER JURISDICTION OVER THE COMPLAINANT'S HARASSMENT CLAIM?

SUGGESTED ANSWER: NO.

**ARGUMENT:**

THE PHRC DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THE COMPLAINANT'S HARASSMENT CLAIM.

Section 3 of the Pennsylvania Human Relations Act recognizes and declares that individuals have the right to be free from discrimination in employment, housing and public accommodation. Section 4 of the Act provides definitions which determine how the provisions of the Act are to be applied. 43 P.S. §954.

The Act defines 'employer' to include "the Commonwealth or any political subdivision or board, department, commission or school district thereof and any person employing four or more

persons within the Commonwealth..." 43 P.S. §954(b). The Sheriff's Department is an employer under the Act; however, it is not the Complainant's employer.

Although the Act does not define 'employment,' a review of case law demonstrates that the Pennsylvania Courts utilize the common law master-servant relationship analysis in determining whether the Act is applicable to a particular employer. <u>Office of Vocational Rehabilitation v. PHRC</u>, 118 Pa.Cmwlth. 163, 545 A.2d 412 (1988). <u>See also</u> <u>Harmony Volunteer Fire Company and Relief Association v. PHRC</u>, 73 Pa.Cmwlth. 596, 459 A.2d 439 (1983).

In <u>OVR</u>, the Commonwealth Court reversed the PHRC's denial of OVR's motion to dismiss holding that the PHRC did not have subject matter jurisdiction because there was no employment relationship between OVR and the complainant. The complainant sought a job referral from OVR for a part time position, however, the OVR representative refused to provide the complainant with a job referral due to the complainant's age and partial paralysis. The complainant filed a complaint with the PHRC against OVR under the Pennsylvania Human Relations Act alleging age and disability discrimination for refusing to provide complainant with a job referral for a position he was qualified to hold.

The <u>OVR</u> Court, applying the common law analysis of the master-servant relationship, determined that "none of Complainant's pleadings allege any of the necessary indicia of a master-servant relationship with OVR. Further, it is clear that Complainant never contemplated an employment relationship with OVR, because he pleaded that he went to OVR seeking a *job referral,*" (emphasis in the original), 545 A.2d 412, 414. Therefore, the Court determined that the PHRC did not have any subject matter jurisdiction in the matter because there was no

3

employment relationship between the complainant and OVR.  Therefore, the Commonwealth Court reversed the PHRC's denial of OVR's motion to dismiss.

The Commonwealth Court set forth the factors to determine employer status in <u>Harmony</u>, supra, in which the Court determined that a volunteer fire company is an employer pursuant to the Act.  The <u>Harmony</u> Court determined that the PHRC did have subject matter jurisdiction in that the volunteer fire company is an employer pursuant to the Act.  "The relation of master and servant exists where the employer has the right to select the employee, the power to remove and discharge him, and the right to direct both what work shall be done, and the way and manner in which it shall be done.  The employer's power to control the nature and the parameters of the employee's activities is the key to the relationship.  Although the duty to pay a salary is often coincident with the status of employer, it is not an absolute prerequisite."  459 A.2d 439, 442 (citing <u>McColligan v. Pennsylvania Railroad Company</u>, 214 Pa. 229, 63 A. 792 (1906), quoting *AM. & Eng. Ency. Of Law (2nd Ed.)*, p. 11, 12.  <u>See also</u>, <u>Sweet v. Pennsylvania Labor Relations Board</u>, 457 Pa. 456, 322 A.2d 362 (1974); <u>Rodgers v. Washington County Institution District</u>, 349 Pa. 357, 37 A.2d 610 (1944); <u>Jones v. Unemployment Compensation Board of Review</u>, 163 Pa.Super. 271, 60 A.2d 568 (1948)).

In <u>Harmony</u>, the Commission had determined that the fire company was an employer because the fire company could hire and terminate firefighters; give orders to the firefighters as to who, how and when work is to be performed; and the fire company provided training for the firefighters.  Therefore, the Court agreed with the Commission and concluded that due to "the extensive control which the fire company exercises over its members, it is an employer for

4

purposes of the Human Relations Act." 459 A.2d 439, 442.

Additionally, the Pennsylvania Supreme Court has established that in order to determine whether an employer is liable for the actions of its employee, it is essential to utilize the master-servant analysis in determining whether an employment relationship is in existence. In 1944, the Pennsylvania Supreme Court, in an action for trespass caused by the negligence of an employee, noted that "[i]t is a well recognized rule that, 'where one may be in the general employ of another, yet he may, with respect to particular work, be transferred to the service of a third person, in such a way that he becomes, for the time being, the servant of that person with all the legal consequences of that relation.'" McGrath v. Edward G. Budd Mfg. Co., 348 Pa. 619, 622 36 A.2d 303, 305 (1944) (citing Robson v. Martin, 291 Pa. 426, 430, 140 A. 339, 341). The Court affirmed that the test of the existence of an employment relationship is whether the employer had the power or authority to control the employee when the negligent act was committed. McGrath, supra, (citing Walters v. Kaufmann Dept. Stores, Inc., 334 Pa. 233, 235, 5 A.2d 559; Persing v. Citizens Traction Co., 294 Pa. 230, 235, 144 A. 97; Eckert v. Merchants' Shipbuilding Corp., 280 Pa. 340, 348, 124 A. 455; Hoffman v. Montgomery County, 146 Pa.Super. 399, 402, 22 A.2d 762).

The McGrath Court reiterated its holding from Eckert v. Merchants' Shipbuilding Corp., supra, 280 Pa. 349, 124 A. 481, wherein the Pennsylvania Supreme Court quoted from 18 Ruling Case Law 782 that: "'It is essential to the relation of employer and employee...that the employer shall have power and authority to direct and control the acts of the alleged employee. Having this power the employer must respond; lacking it, he is not to be held accountable. Respondent superior is the foundation of liability; and if the employer or principal is without power to

command or direct the acts of the alleged employee or agent, there is no superior whose duty it is to respond for the acts of an inferior.'" 36 A.2d 303, 305.

Additionally, in <u>Sweet v. Pennsylvania Labor Relations Board</u>, 457 Pa. 456, 461, 322 A.2d 362, 265 (1974), the Pennsylvania Supreme Court noted that an employer-employee relationship "exists when a party has the right to select the employe, the power to discharge him, and the right to direct both the work to be done and the manner in which such work shall be done." (Citing <u>McColligan v. Pennsylvania Railroad Co.</u>, 214 Pa. 229, 63 A. 792 (1906)). <u>See also</u>, <u>Smalich v. Westfall</u>, 440 Pa. 409, 269 A.2d 476 (1970); <u>Ragano v. Socony Vacuum Oil Co.</u>, 376 Pa. 271, 101 A.2d 686 (1954). The Court acknowledged that merely paying an employee a salary is not determinative as to whether an employment relationship is in existence between the payor and the payee. <u>Sweet</u>, supra., (citing <u>Rodgers v. Washington County Institution District</u>, 349 Pa. 357, 37 A.2d 610 (1944)).

The Pennsylvania County Code establishes in 16 P.S. §450 that: "[a]ppointees to county offices or positions other than to elected offices shall be subject to removal at the pleasure of the appointing power...." The County Code also provides: "[t]he salary board in any county may provide for the appointment by the district attorney of such clerks and stenographers in his office as may be deemed necessary for the proper dispatch of business." 16 P.S. §1426. Under the County Code, the Complainant in the instant matter was hired by the District Attorney and is subject to control, discipline and removal by the District Attorney. As a result, the District Attorney is the Complainant's employer. The District Attorney is an elected official and has not delegated his statutory authority to hire, fire or supervise the Complainant to the County, to the Sheriff, or to anyone else. This power to control the employment of the Complainant lies

6

exclusively in the hands of the District Attorney.

The Pennsylvania County Code also governs the Sheriff's Department in that "[t]he sheriff of each county shall appoint, by commission duly recorded in the office for recording deeds, a chief deputy, whose appointment shall be revocable by the sheriff at pleasure on recording in said office a signed revocation thereof..." 16 P.S. §1203. The county Code also permits the sheriff to "appoint such deputies and clerks as may be necessary to properly transact the business of his office. He may revoke the appointment of deputies in the same manner as his chief deputy." 16 P.S. §1205. Under the common law master-servant analysis, the Sheriff is McAllister's employer. The Sheriff has the power and statutory authority to retain, discharge and supervise McAllister. This power and control has not been delegated by the Sheriff to the County or to the District Attorney, and by statute remains exclusively with the Sheriff.

The County Commissioners are the responsible managers and administrators of the fiscal affairs of the county, but by statute cannot interfere or take any action with respect to any employee of any elected officer, including any employee of the elected Sheriff or of the elected District Attorney. See 16 P.S. §450, 1203, 1205, 1426, 1620, 1701. The County Commissioners are essentially the money managers of the County and disperse the revenue, which is generated by the County taxpayers, to each of the departments of the elected officials to allow the elected officials to conduct their business in an efficient manner. The County Commissioners are strictly prohibited by the Pennsylvania Legislature from acting on their own initiative to hire, fire or control any employee of either the Sheriff's Department or the District Attorney's Office.

In the instant matter, it is essential to determine whether the PHRC has subject matter jurisdiction in this matter by applying the common law principles of a master-servant

7

relationship. The Complainant's pleadings have failed to allege any of the requisites of a master-servant relationship to establish that an employment relationship exists between the Complainant and the Sheriff's Department or with the County. The Sheriff's Department is not the employer of the Complainant under the PHRC in this matter because the Sheriff's Department does not have the power to hire the Complainant, or the power to remove or discharge the Complainant, nor does the Sheriff's Department have the right to direct either what work shall be done, or the way and manner in which it shall be done. This control and authority has been statutorily reserved to the District Attorney.

The County, via the County Commissioners, manages and administers the funds of the County which enable the District Attorney to provide monetary compensation to the Complainant. Despite the Complainant's salary being financed through County funds, this is not a sufficient nexus to qualify the County as the Complainant's employer for purposes of the Pennsylvania Human Relations Act, since merely paying an employee a salary is not determinative as to whether an employment relationship is in existence between the County and the Complainant. The Complainant has failed to alleged that the County has discriminated against her in fiscal matters, terms or condition of her employment.

Additionally, the County is not the employer of McAllister, pursuant to the Pennsylvania County Code. The County does not have the authority to hire, terminate or punish McAllister. The Authority and power lies in the a hands of the Sheriff, an elected official. The Sheriff and only the Sheriff has the power and authority to hire, discharge, transfer and control the duties and responsibilities of McAllister in his position as Chief Deputy Sheriff. The Sheriff has not delegated his authority to hire, fire or supervise McAllister to anyone else. The County Code

prohibits the County Commissioners from interfering with the Sheriff and District Attorney's ability to administer and control their employees.

The Complaint fails to allege that the Sheriff's Department has exercised any employment powers over or affected Complainant related to the allegations of the Complaint. The Complaint also fails to allege that the Sheriff's Department and/or the County, acting as an employer, has discriminated or harassed the Complainant. The District Attorney is the Complainant's employer pursuant to the common law master-servant analysis and for the purposes of the Pennsylvania Human Relations Act. The Complainant does not name the District Attorney as a Respondent. The Complaint fails to allege, nor can Complainant allege, that the District Attorney discriminated against the Complainant under the Act. During the week of February 14, 2000, the Complainant first informed the District Attorney of the alleged discrimination/harassment. The District Attorney immediately initiated an investigation into Complainant's allegations.

The PHRC cannot order the County or the Sheriff to take any actions which the County or the Sheriff have no statutory or legal authority to take. Therefore, due to the absence of an employment relationship between the Complainant and the Sheriff or the County, the PHRC is without subject matter jurisdiction in the instant matter.

**Conclusion:**

Based upon the foregoing, the PHRC lacks subject matter jurisdiction over the Complainant's sexual harassment claims. The Respondents' Motion to Dismiss must be granted and the Complaint must be dismissed in its entirety.

and the Complaint must be dismissed in its entirety.

Respectfully Submitted,

MANCKE, WAGNER, HERSHEY & TULLY

Attorneys for Dauphin County Sheriff's Department

Date: 8·29-00

William T. Tully, Esq.
2233 North Front Street
Harrisburg, PA 17110
(717) 234-7051
I.D. #36410

10

# COMMONWEALTH OF PENNSYLVANIA
## GOVERNOR'S OFFICE
## PENNSYLVANIA HUMAN RELATIONS COMMISSION

|                                                |   |                              |
|------------------------------------------------|---|------------------------------|
| Cindy L. Rigg,                                 | : |                              |
|     Complainant            | : | PHRC DOCKET NO. E-95219D     |
|                                                | : |                              |
|     v.                     | : | EEOC Charge No. 17FA02096    |
|                                                | : |                              |
| Dauphin Co., Sheriff's Department,             | : |                              |
|     Respondent             | : |                              |

## CERTIFICATE OF SERVICE

I, Cynthia C. Steffan, hereby certify that on this date, a true and correct copy of the

foregoing document was served upon all interested parties by first class mail, postage prepaid, at

Harrisburg, Pennsylvania, addressed as follows:

Spero Lappas, Esq.                Susan R. Friedman, Esq.
205 State Street                   One Penn Square
Harrisburg, PA 17101           P.O. Box 1594
                            Lancaster, PA 17608-1594

Date: 8-29-00

*Cynthia C. Steffan*
Cynthia C. Steffan
Secretary to William T. Tully, Esq.

## VERIFICATION OF COUNSEL

I state under penalty of perjury that to the best of my knowledge, information and belief, the documents submitted in support of this brief as portions of the record of litigation in the PENNSYLVANIA HUMAN RELATIONS COMMISSION (Exhibits 1, 2, 3, 4, 5) are true and correct copies of documents received by counsel as having been filed with the record of that commission.

RESPECTFULLY SUBMITTED,

The Law Offices of SPERO T. LAPPAS

By: _____
SPERO T. LAPPAS, Esquire
Pa. Supreme Ct. ID no. 25745
205 State Street
P.O. Box 808
Harrisburg, PA  17108-0808
(717) 238-4286
ATTORNEY FOR THE PLAINTIFF

September 3, 2001



PLAINTIFF'S
EXHIBIT
7

*The Law Offices of SPERO T. LAPPAS*
*205 State Street*
*Post Office Box 808*
*Harrisburg, Pennsylvania  17108-0808*
*(717) 238-4286*

===========================================================

CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true copy of the attached document upon the person(s) named below by mailing a copy addressed as follows, postage pre-paid, deposited into the U. S. Mail at Harrisburg, Pa.

FRANK J, LAVERY, JR., ESQUIRE
JAMES YOUNG, ESQUIRE
LAVERY, FAHERTY, YOUNG AND PATTERSON, PC
301 MARKET STREET
HARRISBURG, PA.  17108-1245

MICHAEL KANE, ESQUIRE
KANE AND MACKIN, LLP
3300 TRINDLE ROAD
CAMP HILL, PA.  17011

RESPECTFULLY SUBMITTED,

The Law Offices of SPERO T. LAPPAS

By:

September 4, 2001