*no parties added*

FILED
FEB 11 2002
PER ___
HARRISBURG, PA DEPUTY CLERK

The Law Offices of SPERO T. LAPPAS
205 State Street
Post Office Box 808
Harrisburg, Pennsylvania 17108-0808
(717) 238-4286
    By: SPERO T. LAPPAS, Esquire
        Pa. Supreme Court identification no. 25745
ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE OF PENNSYLVANIA

| | |
|---|---|
| CINDY L. RIGG,<br>    Plaintiff<br><br>v.<br><br>COUNTY OF DAUPHIN,<br>DAUPHIN COUNTY SHERIFF'S<br>DEPARTMENT,<br>RALPH MCALLISTER,<br>    Defendants | CIVIL ACTION :01-CV-0967<br><br>JURY TRIAL DEMANDED<br><br><br><br>(JUDGE RAMBO) |

FIRST AMENDED COMPLAINT

AND NOW comes the PLAINTIFF by and through her attorney, SPERO T. LAPPAS, Esquire, and makes this COMPLAINT against the above named Defendants.

    1. PLAINTIFF is an adult individual residing within the Middle District of Pennsylvania who at the times relevant to this complaint was employed by the DEFENDANT COUNTY OF DAUPHIN.

    2. DEFENDANT COUNTY OF DAUPHIN is a county and political

entity organized and existing under the laws of the Commonwealth of Pennsylvania.

3. DEFENDANT DAUPHIN COUNTY SHERIFF'S DEPARTMENT is an DEPARTMENT of Dauphin County.

4. DEFENDANT RALPH MCALLISTER is an adult individual who at all times relevant to this complaint worked as a deputy sheriff within the DEFENDANT DAUPHIN COUNTY SHERIFF'S DEPARTMENT. He was at all times an employee of Dauphin County assigned to work in the Dauphin County Sheriff's Department. In the alternative, he was an employee of Dauphin County and the Dauphin County Sheriff's department jointly.

5. PLAINTIFF is an adult individual who at all times relevant to this complaint was an employee of Dauphin County assigned to work in the district attorney's office. In the alternative, she was an employee of Dauphin County and the Dauphin County District Attorney's Office jointly.

6.  a. Both Plaintiff and MCALLISTER were paid by Dauphin County;

    b. Both were covered by the Dauphin County Sexual Harassment policies;

    c. Both were covered by (or eligible for) county benefits;

    d. Both applied to the County of Dauphin for their employment;

    e. MCALLISTER identified his employer as Dauphin

        County in connection with a workers compensation claim and the county acknowledged that employment during the litigation of that claim;

    f. Both were the subjects of County Personnel Action Forms;

    g. Both were assigned Dauphin County Employment Numbers (Rigg #2419, McAllister #2998);

    h. The County has the authority to intervene in sexual harassment cases.

7. PLAINTIFF has exhausted all necessary administrative avenues and has received from the EEOC the Right to Sue Letter attached hereto as Exhibit 1.

8. All of the Defendants' actions described within this Complaint either *infra* or *supra*, were intentional, malicious and taken in bad faith; in the alternative, those actions were reckless; in the alternative, those actions were negligent. None of those actions were privileged, or in the alternative, any privilege which would have otherwise attached was lost through abuse of a conditionally privileged occasion.

9. All of the Defendants' actions described within this Complaint either *infra* or *supra*, were taken under color of state law.

10. All of the acts described in this Complaint as having been taken by agents, employees, or servants of the Defendant County (other than the Plaintiff) were committed under

circumstances as to make the Defendant County legally responsible for said acts.

11. All harms, damages, and injuries suffered by the PLAINTIFF were the direct, legal and proximate results of the wrongful acts of the DEFENDANTS as described in this Complaint.

12. The causes of action brought in this Complaint are brought pursuant to <u>inter alia</u> Title 42, United States Code, sections 1983, 1985 and 1988, and the First and Fourteenth Amendments to the United States Constitution, and the Civil Rights Laws of the United States.

13. This court has jurisdiction over this case.

14. From on or about JANUARY 1999 to FEBRUARY 2000, PLAINTIFF was employed by Dauphin County at the Dauphin County District Attorney's Office.

15. During that period of time DEFENDANT MCALLISTER harassed the PLAINTIFF because she was a woman. The specific nature of this harassment appears elsewhere of this Complaint.

16. During that same period of time DEFENDANTS engaged in a continuing course of conduct and neglect, acts and omissions, which created a sexually offensive, hostile, and degrading work environment for the PLAINTIFF based on her gender and which was sufficiently egregious as to change the conditions of her employment, and to produce a hostile, offensive and unlawfully oppressive work environment. The specific nature of this harassment appears in later paragraphs of this Complaint.

17. Furthermore, as described elsewhere in this Complaint, on or about February 10, 2000, DEFENDANT MCALLISTER engaged in unlawful touching of the PLAINTIFF's body. This conduct constituted unlawful use of force by a state actor in violation of the Fourteenth Amendment.

18. On or about February 10, 2000, while in a stairwell of the Dauphin County Courthouse, DEFENDANT MCALLISTER physically assaulted the Plaintiff, put his hand on PLAINTIFF's throat, made hostile remarks to the PLAINTIFF, and bit PLAINTIFF on the forehead.

19. The discriminatory, harassing, and unlawful course of conduct engaged in by DEFENDANTS included but are not limited to the following events and incidents:

    a. DEFENDANT MCALLISTER made repeated and persistent inappropriate and harassing verbal sexual statements and remarks to the Plaintiff;

    b. DEFENDANT MCALLISTER asked Plaintiff to engage in sexual relations with him;

    c. The sexual harassing proclivities of DEFENDANT MCALLISTER were well known to supervisory officials within DAUPHIN COUNTY and the DAUPHIN COUNTY SHERIFF'S DEPARTMENT but those officials did not take adequate or sufficient steps to protect county employees, female county employees, and the PLAINTIFF in particular from such unlawful

        harassment;

   d.   DEFENDANT MCALLISTER'S actions and inaction were observed and witnessed by, and became the knowledge of, other employees of DEFENDANT DAUPHIN COUNTY and DEFENDANT DAUPHIN COUNTY SHERIFF'S DEPARTMENT.

   e.   The failure of the county defendants to take sufficient, adequate, and proper actions to prevent and protect PLAINTIFF from sexual harassment and discrimination constituted an active or (in the alternative) tacit approval and endorsement of DEFENDANT MCALLISTER's unlawful activities, and furthermore created and fostered an appearance and environment within County government that sexual harassment and civil rights violations would be and were tolerated within the functions and on the premises of DEFENDANT COUNTY OF DAUPHIN and DEFENDANT DAUPHIN COUNTY SHERIFF'S DEPARTMENT.

   f.   The defendants created a hostile work environment for the PLAINTIFF.

20.   With respect to the February 10, 2000 assault, the DEFENDANTS DAUPHIN COUNTY and DAUPHIN COUNTY SHERIFF'S DEPARTMENT failed to provide adequate security within the Dauphin County Courthouse to prevent said assault.

21.   The Defendants' actions as described in this Complaint are the direct, legal, and proximate causes of the harms, injuries,

and damages to the Plaintiff (some or all of which will continue into the future) including <u>inter alia</u> the following:

    a. She suffered great humiliation, embarrassment, mortification, pain and suffering, and distress;

    b. She was subjected to unlawful, illegal, unreasonable and unconstitutional touching;

    c. She was put in fear of her well-being;

    d. She suffered the loss of valuable federally protected rights;

    e. She suffered mental and emotional damages which required her to obtain mental health treatment and incur the costs thereof;

    f. She lost income and earning capacity, and other valuable employment benefits.

COUNT I
PLAINTIFF v. COUNTY OF DAUPHIN
CIVIL RIGHTS/SEXUAL HARASSMENT AND DISCRIMINATION

22. All other counts of this Complaint are hereby incorporated into this count by reference thereto.

23. The causes of action brought in this Count are brought pursuant to <u>inter alia</u> Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e <u>et seq.</u>

24. WHEREFORE, the PLAINTIFF requests that the Court enter judgment in her favor and against this Defendant for compensatory and punitive damages plus costs of litigation and attorneys fees.

COUNT II

PLAINTIFF v. COUNTY OF DAUPHIN
*CIVIL RIGHTS/SEXUAL HARASSMENT AND DISCRIMINATION*

25. All other counts of this Complaint are hereby incorporated into this count by reference thereto.

26. The causes of action brought in this Count are brought pursuant to <u>inter alia</u> Title 42, United States Code, sections 1983, 1985 and 1988, and the First and Fourteenth Amendments to the United States Constitution.

27. WHEREFORE, the PLAINTIFF requests that the Court enter judgment in her favor and against this Defendant for compensatory and punitive damages plus costs of litigation and attorneys fees.

*COUNT III*
*PLAINTIFF v. RALPH MCALLISTER*
*CIVIL RIGHTS/*
*FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS UNDER 42 USC 1983*

28. All other counts of this Complaint are hereby incorporated into this count by reference thereto.

29. WHEREFORE, the PLAINTIFF requests that the Court enter judgment in her favor and against this Defendant for compensatory and punitive damages plus costs of litigation and attorneys fees.

*COUNT IV*
*PLAINTIFF v. DAUPHIN COUNTY SHERIFF'S DEPARTMENT*
*CIVIL RIGHTS/*
*FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS UNDER 42 USC 1983*

30. All other counts of this Complaint are hereby incorporated into this count by reference thereto.

31. WHEREFORE, the PLAINTIFF requests that the Court enter

judgment in her favor and against this Defendant for compensatory and punitive damages plus costs of litigation and attorneys fees.

RESPECTFULLY SUBMITTED,

The Law Offices of SPERO T. LAPPAS

By: _____
SPERO T. LAPPAS, Esquire
Pa. Supreme Ct. ID no. 25745
205 State Street
P.O. Box 808
Harrisburg, PA  17108-0808
(717) 238-4286
ATTORNEY FOR THE PLAINTIFF



U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
0924 7508

*Employment Litigation Section*
*P.O. Box 65968*
*Washington, DC 20035-5968*

March 22, 2001

Ms. Cindy L. Rigg
c/o Spero T. Lappas, Esquire
Attorney at Law
P.O. Box 808
Harrisburg, PA  17108-0808

Re:  EEOC Charge Against Dauphin County, Sheriff's Dept., et al.
     No. 17FA02096

Dear Ms. Rigg:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.
   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.
   The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.
   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                              Sincerely,

                              William R. Yeomans
                    Acting Assistant Attorney General
                         Civil Rights Division

                    by   *Karen L. Ferguson*
                         Karen L. Ferguson
                         Civil Rights Analyst
                    Employment Litigation Section

cc:  Philadelphia District Office, EEOC
     Dauphin County, Sheriff's Dept., et al.

Exhibit 1

The Law Offices of SPERO T. LAPPAS
205 State Street
Post Office Box 808
Harrisburg, Pennsylvania  17108-0808
(717) 238-4286

CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true copy of the attached document upon the person(s) named below by mailing a copy addressed as follows, postage pre-paid, deposited into the U. S. Mail at Harrisburg, Pa.

JAMES YOUNG, ESQUIRE
LAVERY, FAHERTY, YOUNG AND PATTERSON, PC
301 MARKET STREET
HARRISBURG, PA.  17108-1245

E. RALPH GODFREY, ESQUIRE
METZGER WICKERSHAM
PO BOX 5300
HARRISBURG, PA. 17110-0300

RESPECTFULLY SUBMITTED,

The Law Offices of SPERO T. LAPPAS

By: _____

February 11, 2002