ORIGINAL

3-7-02
sc

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.
BY: E. Ralph Godfrey, Esquire
Attorney I.D. No. 77052
3211 North Front Street
P.O. Box 5300
Harrisburg, PA 17110-0300
(717) 238-8187

**Attorney for Defendant,**
**Ralph McAllister**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CINDY L. RIGG, | : | CIVIL ACTION NO. 1:01-CV-0967 |
| Plaintiff | : | |
| | : | |
| v. | : | (JUDGE RAMBO) |
| | : | |
| COUNTY OF DAUPHIN, | : | |
| DAUPHIN COUNTY SHERIFF'S | : | |
| DEPARTMENT, | : | |
| RALPH MCALLISTER, | : | |
| Defendants | : | JURY TRIAL DEMANDED |

FILED
HARRISBURG, PA
MAR 0 6 2002
MARY E. D'ANDREA, CL[ERK]
Per _____

## DEFENDANT RALPH MCALLISTER'S
## ANSWER TO PLAINTIFF'S COMPLAINT

AND NOW, comes the Defendant, Ralph McAllister, by his attorneys, Metzger, Wickersham, Knauss & Erb, P.C., and hereby answers Plaintiff's Complaint as follows:

1.  Admitted in part and denied in part. It is admitted that Plaintiff is an adult individual and citizen of the Middle District of Pennsylvania. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 1 and the averments are therefore denied.

2.  Admitted.

3.  Admitted.

*Document #: 228944.1*

4.      Admitted in part and denied in part. It is admitted that Ralph McAllister is an adult individual who worked as a Deputy Sheriff for the Dauphin County Sheriff's Department. The remaining averments of paragraph 4 are denied as conclusions of law, to which no answer is required and the averments are therefore denied.

5.      Admitted in part and denied in part. It is admitted that Plaintiff is an adult individual who worked as a Juvenile Coordinator for the District Attorney's Office. The remaining averments of paragraph 5 are denied as conclusions of law, to which no answer is required and the averments are therefore denied.

6.      Admitted in part and denied in part. Paragraphs 6(a), (c), (e), (f), and (g) are admitted. Paragraphs 6(b) and (h) are denied as conclusions of law, to which no answer is required and the averments are therefore denied. Paragraph 6(d) is denied as stated. Ralph McAllister was appointed to his position in the Dauphin County Sheriff's Department by Sheriff Lotwick who was an elected official. He then filled out an application to the County of Dauphin.

7.      Denied. Paragraph 7 is denied as a conclusion of law to which no answer is required and the averments are therefore denied.

8.      Denied. Paragraph 8 is denied as a conclusion of law to which no answer is required and the averments are therefore denied.

9.      Denied. Paragraph 9 is denied as a conclusion of law to which no answer is required and the averments are therefore denied.

10.     Denied. Paragraph 10 is denied as a conclusion of law to which no answer is required and the averments are therefore denied.

Document #: 228944.1

11. Denied. Paragraph 11 is denied as a conclusion of law to which no answer is required and the averments are therefore denied.

12. Denied. Paragraph 12 is a conclusion of law to which no answer is required and the averments are therefore denied.

13. Denied. Paragraph 13 states a conclusion of law to which no answer is required and the averments are therefore denied.

14. Denied as stated. It is admitted that from January 1999 to February 2000, the Plaintiff was the Juvenile Coordinator for the Dauphin County District Attorney's Office. The remaining averments of paragraph 14 are denied as conclusions of law to which no answer is required and the averments are therefore denied.

15. Denied. Paragraph 15 is denied as a conclusion of law to which no answer is required and the averments are therefore denied. To the extent that a response may be required, it is specifically denied that Defendant McAllister harassed the Plaintiff because she was a woman. Strict proof thereof is demanded at the time of trial.

16. Denied. Paragraph 16 is denied as a conclusion of law to which no responsive pleading is required and the averments are therefore denied. To the extent that a response may be required, it is specifically denied that Defendant, Ralph McAllister, engaged in a continuing course of conduct and neglect, acts and omissions, which created a sexually offensive, hostile, and degrading work environment to the Plaintiff based on her gender and which was sufficiently egregious as to change the conditions of her employment, and to produce a hostile, offensive, and unlawfully oppressive work environment.

Document #: 228944.1

17. Denied. Paragraph 17 is denied as a conclusion of law to which no answer is required and the averments are therefore denied.

18. Denied. Paragraph 18 is denied as a conclusion of law to which no answer is required and the averments are therefore denied.

19. Denied. Paragraph 19, as well as subparagraphs 19(a) through (f), are denied as conclusions of law to which no answer is required and therefore the averments are denied. Strict proof thereof is demanded at the time of trial.

20. Denied. Paragraph 20 is denied as a conclusion of law to which no answer is required and the averments are therefore denied.

21. Denied. Paragraph 21, as well as subparagraphs 21(a) through (f), are denied as conclusions of law to which no answer is required and the averments are therefore denied.

### COUNT I

### Plaintiff v. County of Dauphin

### Civil Rights/Sexual Harassment and Discrimination

22. Paragraphs 1 through 21 above are incorporated by reference.

23. Denied. Paragraph 23 is denied as a conclusion of law to which no answer is required and the averments are therefore denied.

24. Denied. Paragraph 24 is denied as a conclusion of law to which no answer is required and the averments are therefore denied.

WHEREFORE, responding Defendant demands that Plaintiff's Complaint be dismissed and that judgment be entered in his favor, together with costs of this action and such other relief as may be just and proper.

Document #: 228944.1

### COUNT II

### Plaintiff v. County of Dauphin

### Civil Rights/Sexual Harassment and Discrimination

25. Paragraphs 1 through 24 are incorporated herein by reference.

26. Denied. Paragraph 26 is denied as a conclusion of law to which no answer is required and the averments are therefore denied.

27. Denied. Paragraph 27 is denied as a conclusion of law to which no answer is required and therefore the averments are denied.

WHEREFORE, responding Defendant demands that Plaintiff's Complaint be dismissed and that judgment be entered in his favor, together with costs of this action and such other relief as may be just and proper.

### COUNT III

### Plaintiff v. Ralph McAllister

### Civil Rights/Fourth and Fourteenth Amendment Violations Under Section 42 U.S.C. 1983

28. Paragraphs 1 through 27 above are incorporated by reference.

29. Denied. Paragraph 29 is denied as a conclusion of law to which no answer is required and the averments are denied.

WHEREFORE, responding Defendant demands that Plaintiff's Complaint be dismissed and that judgment be entered in his favor, together with costs of this action and such other relief as may be just and proper.

*Document #: 228944.1*

## COUNT IV

### Plaintiff v. Dauphin County Sheriff's Department

### Civil Rights/Fourth and Fourteenth Amendment Violations Under Section 42 U.S.C. 1983

30. Paragraphs 1 through 29 above are incorporated by reference.

31. Denied. Paragraph 31 is denied as a conclusion of law to which no answer is required and therefore the averments are denied.

WHEREFORE, responding Defendant demands that Plaintiff's Complaint be dismissed and that judgment be entered in his favor, together with costs of this action and such other relief as may be just and proper.

### FIRST DEFENSE

32. Paragraphs 1 through 31 above and Defendant's prayer for relief are incorporated by reference.

### SECOND DEFENSE

33. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

34. At no time did responding Defendant Ralph McAllister's alleged conduct constitute unlawful use of force by a state actor in violation of the Fourteenth Amendment.

### FOURTH DEFENSE

35. At all times material hereto, responding Defendant, Ralph McAllister, acted in self-defense.

- 6 -

Document #: 228944.1

### FIFTH DEFENSE

36.	If the responding Defendant, Ralph McAllister, violated any rights of the Plaintiff, which is specifically denied, such violation was not intentional, malicious, reckless, and/or taken in bad faith. For the aforesaid reasons and otherwise, responding Defendant, Ralph McAllister, may not be held liable for punitive damages and is not liable for any damages whatsoever.

### SIXTH DEFENSE

37.	Any actions taken by responding Defendant, Ralph McAllister, were justified, privileged, objectively reasonable, and otherwise reasonable.

### SEVENTH DEFENSE

38.	Any actions taken by responding Defendant, Ralph McAllister, were of the type(s) for which he would have had defenses available at common law.

### EIGHTH DEFENSE

39.	Plaintiff's action is or may be precluded by principles of res judicata, collateral estoppel, or otherwise.

### NINTH DEFENSE

40.	If Plaintiff suffered any injury, which is denied and of which strict proof is demanded, the same was caused by persons or parties for whom responding Defendant is not responsible.

### TENTH DEFENSE

41.	Some or all of Plaintiff's claims against some or all of the Defendants are or may be barred by the statute of limitations.

Document #: 228944.1

### ELEVENTH DEFENSE

42.     Plaintiff lacks jurisdiction over the Defendant.

### TWELFTH DEFENSE

43.     Any actions taken by the responding Defendant, Ralph McAllister, were taken in good faith and in the reasonable belief that his conduct was constitutional and lawful.

### THIRTEENTH DEFENSE

44.     The responding Defendant, Ralph McAllister, is immune from liability to Plaintiff for any of the claims asserted.

### FOURTEENTH DEFENSE

45.     If Plaintiff suffered any legal injury, which is denied, and if Plaintiff could recover for negligence, which is denied, Plaintiff is barred from recovery and/or said recovery must be reduced by the doctrine of contributory and/or comparative negligence.

### FIFTEENTH DEFENSE

46.     At no time did responding Defendant, Ralph McAllister, create a hostile, intimidating, or offensive work environment for Plaintiff

Document #: 228944.1

## OTHER MATTER

47.     Responding Defendant, Ralph McAllister, is or may be entitled to attorney's fees, costs, and expenses pursuant to 42 U.S.C. 1988, F.R.C.P. 11, 28 U.S.C. 1927, so that if and to the extent that claim therefore need be made at this time, such claim is hereby set forth.

METZGER, WICKERSHAM, KNAUSS & ERB, P.C.

By _____
E. Ralph Godfrey, Esquire
Attorney I.D. No. 77052
P.O. Box 5300
Harrisburg, PA 17110-0300
(717) 238-8187

Attorneys for Defendant,
Ralph McAllister

Dated: 3/6/02

## **CERTIFICATE OF SERVICE**

AND NOW, this 6th day of March, 2002, I, E. Ralph Godfrey, Esquire, of Metzger, Wickersham, Knauss & Erb, P.C., attorneys for Defendant, Ralph McAllister, hereby certify that I served a copy of the within Defendant Ralph McAllister's Answer to Plaintiff's Complaint this day by depositing the same in the United States mail, postage prepaid, at Harrisburg, Pennsylvania, addressed to:

Spero T. Lappas, Esquire
Law Offices of Spero T. Lappas
P.O. Box 808
Harrisburg, PA 17108-0808

James Young, Esquire
301 Market Street
Harrisburg, PA 17108-1245

E. Ralph Godfrey

Document #: 228944.1