**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CINDY L. RIGG, | : | |
| Plaintiff | : | CIVIL ACTION NO.: 1:CV-01-0967 |
| | : | |
| vs. | : | ~~JUDGE McCLURE~~ J. Dambro |
| | : | |
| COUNTY OF DAUPHIN, | : | **FILED** |
| DAUPHIN COUNTY SHERIFF'S | : | **HARRISBURG** |
| DEPARTMENT and | : | JURY TRIAL DEMANDED MAR 2 2 2002 |
| RALPH McALLISTER, | : | |
| Defendants | : | MARY E. D'ANDREA, CLERK |
| | | Per_____ |
| | | DEPUTY CLERK |

**BRIEF IN SUPPORT OF DEFENDANTS, COUNTY OF DAUPHIN
AND DAUPHIN COUNTY SHERIFF'S DEPARTMENT'S,
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

I. **STATEMENT OF FACTS AND PROCEDURAL HISTORY:**

On February 11, 2002, Plaintiff, Cindy L. Rigg, filed an Amended Complaint against Defendants, County of Dauphin and Dauphin County Sheriff's Department (hereinafter "Moving Defendants") and Ralph McAllister. Plaintiff's Amended Complaint contains four (4) Counts and purports to assert claims pursuant to Title VII (Count I) for violation of

Plaintiff's civil rights (Count II) against the County of Dauphin; claims pursuant to 42 U.S.C. §1983 for an alleged violation of Plaintiff's Fourth and Fourteenth Amendment rights against Defendant, Ralph McAllister, (Count III); and a claim pursuant to 42 U.S.C. §1983 for violation of Plaintiff's Fourth and Fourteenth Amendment rights against the Dauphin County Sheriff's Department (Count IV).

The Amended Complaint avers that from January 1999 to February 2000, Plaintiff was employed at the Dauphin County District Attorney's Office. (Complaint, ¶14) The Amended Complaint also avers that on February 10, 2000, while in the stairwell of the Dauphin County Courthouse, Defendant McAllister, an employee of the Dauphin County Sheriff's Office, allegedly physically assaulted the Plaintiff, put his hand on Plaintiff's throat, made hostile remarks to the Plaintiff, and bit Plaintiff on the forehead. (Complaint, ¶¶4, 18) The Amended Complaint further alleges that with respect to the February 10, 2000 incident, Moving Defendants failed to provide adequate security within the Dauphin County Courthouse to prevent the alleged assault. (Complaint, ¶20)

Plaintiff's Amended Complaint also asserts that during the time Plaintiff was employed at the District Attorney's Office, that Defendant

McAllister harassed the Plaintiff because she was a woman. (Complaint, ¶15) Plaintiff alleges that Defendant McAllister made repeated and persistent inappropriate and harassing verbal and sexual statements and remarks to the Plaintiff and asked Plaintiff to engage in sexual relations with him. (Complaint, ¶19(a)(b)) Plaintiff further avers that the "sexual harassing proclivities" of Defendant McAllister were well known to the supervisory officials within Dauphin County and the Dauphin County Sheriff's Department; that Defendant McAllister's actions were observed and witnessed by other employees of Dauphin County and Dauphin County Sheriff's Department; and that Moving Defendants' failure to take proper actions to prevent and protect Plaintiff from sexual harassment constituted acquiescence in and/or ratification of Defendant McAllister's actions and/or created a hostile work environment for the Plaintiff. (Complaint, ¶¶19(c)-(f))

On March 6, 2002, Moving Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint for failure to allege claims and/or causes of action upon which relief can be granted. This brief is in support of Moving Defendants' dispositive motion.

II. <u>QUESTIONS PRESENTED</u>:

    A.    STANDARD OF REVIEW.

    B.    WHETHER COUNTS I AND II OF PLAINTIFF'S AMENDED COMPLAINT AGAINST DEFENDANT, COUNTY OF DAUPHIN, MUST BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE CLAIMS OR CAUSES OF ACTION FOR *QUID PRO QUO* HARASSMENT AND/OR PURSUANT TO §§ 1983 AND 1985 UPON WHICH RELIEF CAN BE GRANTED?

        [SUGGESTED ANSWER: YES]

    C.    WHETHER COUNT IV OF PLAINTIFF'S AMENDED COMPLAINT AGAINST DEFENDANT, DAUPHIN COUNTY SHERIFF'S DEPARTMENT, MUST BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE CLAIMS OR CAUSES OF ACTION FOR VIOLATION OF PLAINTIFF'S FOURTH AND/OR FOURTEENTH AMENDMENT RIGHTS UPON WHICH RELIEF CAN BE GRANTED?

        [SUGGESTED ANSWER: YES]

III. <u>ARGUMENT</u>:

    A.    STANDARD OF REVIEW.

The standard to be applied in consideration of a motion to dismiss pursuant to Rule 12(b)(6) is well established in our jurisprudence. The

court is to accept as true all well-pleaded allegations in the complaint along with the reasonable inferences that can be drawn therefrom and view them in the light most favorable to the non-moving party. <u>Jordan v. Fox Rothschild, O'Brien & Frankel</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). Although the court must, for purposes of such a motion, accept all factual allegations as true, it is not bound as such to accept conclusory allegations of law, unsupported conclusions, and unwarranted inferences or deductions set forth in the complaint. <u>Morse v. Lower Merion School District</u>, 132 F.3d 902, 906 (3d Cir. 1997).

The question before the court on a motion to dismiss is whether the Plaintiff can prove any set of facts in support of her claim that entitles the Plaintiff to relief. <u>Hartford Fire Insurance Company v. California</u>, 113 S. Ct. 2811, 2817 (1993). If it is clear from the plaintiff's pleading that a defendant cannot be held liable, then dismissal of all claims against that defendant is appropriate. <u>Labov v. Lalley</u>, 809 F.2d 270 (3d Cir. 1987). Finally, "Rule 12(b)(6) authorizes the court to dismiss a claim on the basis of a dispositive issue of law." <u>Thomas v. Ford Motor Company</u>, 70 F. Supp. 521 (E.D.Pa. 1999).

5

B.  **PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE CLAIMS AND/OR CAUSES OF ACTION AGAINST DEFENDANT, COUNTY OF DAUPHIN, FOR *QUID PRO QUO* HARASSMENT AND PURSUANT TO §§ 1983 AND 1985 UPON WHICH RELIEF CAN BE GRANTED.**

To the extent that Plaintiff is attempting to pursue *quid pro quo* claims against the County of Dauphin, said claims fail because Co-defendant McAllister was not Plaintiff's supervisor and Plaintiff has not, and cannot allege that she was deprived of any tangible job benefits. The Supreme Court in Burlington Industries v. Ellerth, 118 S. Ct. 2257 (1998), determined that an employee who refuses threatening sexual advances of the supervisor, but who suffers no adverse tangible job consequences, cannot allege vicarious liability under a *quid pro quo* theory. The court explained that "a tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." In most cases, tangible job action must inflict "direct economic harm". Id. at 2269. In this case, Plaintiff's Amended Complaint does not allege any deprivation of a tangible job benefit. Moreover, Plaintiff has not, and cannot allege that Co-Defendant

6

McAllister held any supervisory authority over Plaintiff; had authority to undertake or recommend tangible employment decisions with respect to Plaintiff's employment in the District Attorney's office; and/or had authority to direct Plaintiff's daily work activities. See, Faragher v. City of Boca Raton, 524 U.S. 800, 807-08 (1998). Consequently, Plaintiff's Amended Complaint fails to state any cognizable *quid pro quo* claims against Moving Defendant, County of Dauphin.

Plaintiff's harassment claims under §§ 1983 and 1985, as well as the claims arising out of the February 10, 2000 stairwell incident fail as a matter of law. In order to be actionable under the civil rights statutes, the Defendant must be acting under authority of state law. Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993). Not all torts committed by state employees constitute state action, even if committed while on duty. For instance, a state employee who pursues purely private motives and whose interaction with the victim is unconnected with his execution of official duty does not act under color of law. Mark v. Borough of Hatboro, 51 F.3d 1137, 1150 (3d. Cir. 1995) ("an otherwise private tort is not

7

committed under color of law simply because the tortfeasor is an employee of the state.")

Plaintiff does not, and cannot allege any facts to demonstrate that, in committing the assault, McAllister "exercise[s] power possessed by virtue of state law" or that the assault was "made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49, 101 L. Ed. 2d 40, 108 S. Ct. 2250 (1988) (quoting United States v. Classic, 313 U.S. 299, 326, 85 L. Ed. 1368, 61 S. Ct. 1031 (1941)).  The conduct alleged may have occurred on public property and during McAllister's on duty hours, but that is insufficient to turn a simple assault into a violation of the Constitution. Delcambre v. Delcambre, 635 F.2d 407, 408 (5th Cir. 1981). (Police chief, in full uniform on steps of police department not acting under color of state law when he assaulted his sister-in-law). There is no showing that during the alleged assault McAllister was attempting to arrest plaintiff, cf. Hausman v. Tredinnick, 432 F. Supp. 1160 (E.D. Pa. 1977), or used any official prop such as a badge, gun or nightstick to control Plaintiff. It was simply private conduct. Whatever his motive, it is clear from the Amended Complaint that the assault was a personal matter,

8

and not any sort of show of authority conferred by the state. See, Barna v. City of Perty Amboy, 42 F.3d 809 (3rd Cir. 1994) (and cases collected therein.)

In this case, the February 10, 2000 incident, as alleged in the Amended Complaint, constitutes a garden-variety tort claim for assault and/or battery.  The mere fact that Co-defendant, McAllister, is employed by the Dauphin County Sheriff does not convert this state tort law claim into a federal civil rights claim.  Moreover, Plaintiff has not and cannot allege that the alleged February, 2000 assault constituted the requisite "purposeful discrimination" because of Plaintiff's sex/gender. Keenan v. City of Philadelphia, 983 F.2d 459, 465 (3d Cir. 1993). Consequently, to the extent that Plaintiff's civil rights claims are predicated upon that incident, those claims fail as a matter of law.

To meet the state action requirement of § 1983 with respect to the sexual harassment claim, Plaintiff must produce evidence that McAllister had some supervisory authority over her. Bonnenberger v. Plymouth Township, 132 F.3d 20 (3d Cir. 1997). "Otherwise, it is difficult to establish that the abusive action was perpetrated 'under color of state law' rather

9

than as an essentially private act of sexual harassment". <u>Woodward v. City of Worland</u>, 977 F.2d 1392, 1401 (10th Cir. 1992); <u>see also</u>, <u>David v. City and County of Denver</u>, 101 F.3d 1344 (10th Cir. 1996); <u>Rouse v. City of Milwaukee</u>, 921 F. Supp. 583 (E.D. Wis. 1996).

In this case, Plaintiff's Amended Complaint makes no claim that McAllister had any such authority over her, nor can Plaintiff make any such allegation. Although Plaintiff pleads that both were employed by Dauphin County, she acknowledges that they each worked for and are accountable to a separate, independently elected public official. The Amended Complaint does not allege that McAllister exercised any control or influence over Plaintiff's working conditions, either by rank in the chain of command or by actual authority. It is not enough to show that the parties' government employment put them in frequent contact with each other and therefore the harassment, in a sense, was made possible by McAllister's position. The offensive activity must be related to the duties and powers incidental to McAllister's job. <u>See</u>, <u>Murphy v. Chicago Transit Authority</u>, 638 F. Supp. 464, 468 (N.D. Ill. 1986). Since Plaintiff cannot

10

plead and prove an essential element of her claim (i.e. state action), her §§ 1983 and 1985 claims against Dauphin County fail as a matter of law.

In Count II of her Amended Complaint, Plaintiff seeks an award of punitive damages against Defendant, Dauphin County, on her § 1983 claims. It is axiomatic in our jurisprudence, however, that municipal entities, such as Dauphin County, are immune from liability for punitive damages under § 1983. See, City of Newport News v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Accordingly, Plaintiff's § 1983 claim for punitive damages against Dauphin County must be dismissed with prejudice.

> C. COUNT III OF PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE ANY CLAIMS AND/OR CAUSES OF ACTION PURSUANT TO §1983 FOR VIOLATION OF PLAINTIFF'S FOURTH AND/OR FOURTEENTH AMENDMENT RIGHTS AGAINST DEFENDANT, DAUPHIN COUNTY SHERIFF'S DEPARTMENT, UPON WHICH RELIEF CAN BE GRANTED.

To be subject to a lawsuit under § 1983, a defendant must be a "person" capable of being sued. In a civil rights action, defendant cannot be sued if the defendant is not considered a "person" within the meaning of § 1983. Young v. Keohane, 809 F. Supp. 1185 (M.D. Pa. 1992). Courts

have repeatedly held that sub-units or departments of a local government are not distinct from the local government and are not subject to a civil rights lawsuit. Johnson v. City of Erie, 834 F. Supp. 873, 879 (W.D. Pa. 1993). See also, Young, 809 F. Supp. at 199 (government agencies are not subject to civil rights damages for the simple reason that they are not persons within the civil rights jurisprudence, citing, Will v. Michigan Department of State Police, 491 U.S. 58 (1989)); and Duffy v. County of Bucks, 7 F. Supp. 2d 569, 579 (E.D. Pa. 1998), (county probation department was not a proper defendant under § 1983 and was not a person under § 1983).

The numerous courts that have considered the question of whether a sub-unit or department of a local government entity is a proper defendant in a § 1983 action have unanimously reached the conclusion that it is not. Johnson, 834 F. Supp. at 879. Since the Dauphin County Sheriff's Department is not a "person" for purposes of a § 1983 lawsuit, it is not a proper defendant in this action. Consequently, Plaintiff cannot prevail against or recover from the Department in this action and Count IV of the Amended Complaint must be dismissed with prejudice.

In the alternative, Count IV fails to allege any cognizable claims against the Sheriff's Department. It is axiomatic in our jurisprudence that municipalities and other local governmental bodies may not be held liable under § 1983 solely because they employ a constitutional tortfeasor. See, Board of County Commissioners of Byron County v. Brown, 117 S. Ct. 1382, 1387-88 (1997). Therefore, the theory of respondeat superior is not a proper vehicle to impose § 1983 liability on a local governmental entity. In Byron County, the Supreme Court stated: "Where plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, vigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees." Byron County, 117 S. Ct. at 1388-89. To the extent that Count IV attempts to hold the Sheriff's Department vicariously liable for McAllister's actions (particularly for the February 10, 2000 incident), it fails as a matter of law. Moreover, as noted above, Plaintiff fails to allege the requisite state action with respect to the February 10th incident to state a cognizable claim under § 1983.

Plaintiff's Amended Complaint also contains the conclusory assertion that the Sheriff's Department failed to provide "adequate security" within

13

the courthouse. The Amended Complaint does not allege that the Sheriff's office had any legal duty to provide security in the stairwells of the courthouse. Moreover, such an allegation sounds in negligence and, as a matter of law, simple negligence cannot serve as a predicate to liability under § 1983. See, Hudson v. Palmer, 486 U.S. 517 (1984). Consequently, the Sheriff's Department cannot be held liable under § 1983 on this claim.

In Count IV of her Amended Complaint, Plaintiff asserts a claim for punitive damages against the Sheriff's Department. It is axiomatic in our jurisprudence, however, that municipal bodies are immune from liability for punitive damages under § 1983. See, City of Newport News v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Accordingly, Plaintiff's claim for punitive damages against the Sheriff's Department must be dismissed with prejudice.

## IV. CONCLUSION:

For the reasons advanced herein, Defendants, County of Dauphin and Dauphin County Sheriff's Department, respectfully request this Honorable Court grant their Motion to Dismiss Plaintiff's Amended

14

Complaint and enter judgment in favor of Moving Defendants and against the Plaintiff.

        Respectfully submitted,

        Lavery, Faherty, Young & Patterson, P.C.

By: _____
        Frank J. Lavery, Jr., Esquire
        Atty No. 42370
        James D. Young, Esquire
        Atty No. 53904
        301 Market St., Suite 800
        P.O. Box 1245

DATE: 3/22/02        Harrisburg, PA 17108-1245
        Attys for Defendants,
        County of Dauphin and
        Dauphin County Sheriff's Dept.

# CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 22nd day of March, 2002, I served a true and correct copy of the foregoing **Brief in Support of Defendants, County of Dauphin and Dauphin County Sheriff's Department's Motion to Dismiss Plaintiff's Amended Complaint** via hand delivery, addressed as follows:

Spero T. Lappas, Esquire
Law Offices of Spero T. Lappas
205 State Street
P.O. Box 808
Harrisburg, PA  17108-0808
(Attorney for Plaintiff)

E. Ralph Godfrey, Esquire
Metzger, Wickersham, Knauss & Erb
3211 N. Front Street
P. O. Box 5300
Harrisburg, PA  17110-0300
(Attorney for Defendant McAllister)

_____
Linda L. Gustin